# THE STATE ex rel. D. C. McCLUNG v. CHARLES U. BECKER, Secretary of State.

### In Banc, July 8, 1921.

1. **AUTOMOBILES: Registration Fee: Tax.** The annual registration fee required by Section 7553, Revised Statutes 1919, to be paid for every motor vehicle used upon the public highways of the State, is not a tax upon the vehicle, but a license fee charged for the privilege of operating the vehicle upon the public highways.

2. ———: ———: **Uniformity: Revenue.** The automobile registration fee, being general and uniform as to each class of vehicles named in the statute, not according to value but graduated so that the vehicle that is most destructive to highways shall pay more than those less destructive, is not unconstitutional on the ground of inequality. Not being a tax upon the vehicle as property, but a tax upon the right or privilege to use the vehicle upon the highways, and although considered as imposed for revenue and not for police purposes, it is a tax in the nature of a license, because its payment is the condition upon which permission to use the vehicle upon the highways may be obtained. The Constitution does not prescribe uniformity of taxation as to any subject-matter except property in the constitutional sense.

3. ———: ———: **Police Regulation.** The use of motor vehicles makes necessary the continued expenditure of large sums of money in the construction and repair of roads, and it is likewise necessary to spend public money for the purpose of protecting and identifying them, and for controlling and directing the heavy and dangerous traffic in which they engage, and therefore the levy of a registration tax for their use upon the highways is likewise a police regulation.

4. ———: ———: **Constitutional Recognition: Property and License Tax.** Amendment 44a to Article IV of the Missouri Constitution adopted in 1920, by which any motor-vehicle registration fee authorized by law, except the property tax thereon, was appropriated to pay the bonds to be issued for the construction and maintenance of public roads, was a solemn recognition of the validity of such registration fees as are imposed by Section 7558, Revised Statutes 1919, for the privilege of operating motor vehicles on the public highways, as distinct from the *ad valorem* property tax to which they are also subject.

*Held*, by GRAVES, J., concurring, that to constitute double taxation the two taxes must be of the same general class. Two property taxes for the same purpose, according to value, would be double taxation, and two license taxes on the same privilege would be double taxation; but an automobile may be taxed as property according to value, and the privilege of using it upon the public highway may also be taxed, in the form of a registration or license fee, and both be legal. [Distinguishing St. Louis v. United Railways, 263 Mo. 387, and holding that case upheld double taxation, but is not applicable to the instant case.]

## Mandamus.

WRIT DENIED.

*Irwin & Haley* for relator.

(1)    Section 7558, R. S. 1919 is violative of Sec. 3, Art. X, of the Constitution in that the tax levied under the provisions of said section is not uniform upon the same class of subjects within the territorial limits of the State; (b) said section is violative of Sec. 4 of Art. X of the Constitution, in that all property of the State

subject to the tax imposed by said section is not taxed in proportion to the value of said property; and (c) because it places a special tax in the sum of nine dollars upon relator's property, which is already assessed and taxed as all other personal property. State v. North, 27 Mo. 483; Hamilton v. St. L. Co. Ct., 15 Mo. 24; Glasgow v. Rowse, 43 Mo. 489; St. Louis v. Spiegel, 75 Mo. 145; Wire Co. v. Wollbrinck, 275 Mo. 353. (2) Said section constitutes double taxation, and is clearly an act to produce revenue. Vernor v. Secretary of State, 146 N. W. 338; Chicago v. Collins, 175 Ill. 445; Livingston v. Paducah, 80 Ky. 656.

*Jesse W. Barrett,* Attorney-General, and *Merrill E. Otis,* Assistant Attorney-General, for respondent.

(1) The motor vehicle license fee is not a tax upon the property in motor vehicles, but a tax upon the privilege of operating motor vehicles on the public highways. Secs. 7553, 7558, R. S. 1919; St. Louis v. Green, 70 Mo. 562, 7 Mo. App. 468. (2) The motor vehicle license fee, being a tax upon a privilege and not on property, cannot violate Section 4 of Article X of the Constitution, which applies only to taxes on property. St. Louis v. Green, 70 Mo. 562, 7 Mo. App. 468. (3) The fee, being a tax on a privilege and not on property, is not a property tax on motor vehicles in addition to the general property tax thereon, and cannot, therefore, constitute double taxation. St. Louis v. Green, 70 Mo. 562, 7 Mo. App. 468. (4) The General Assembly may classify subjects of taxation, if the classification is reasonable. Classifying the privilege of operating motor vehicles upon the public highways upon the basis of horsepower, which means upon the basis of relative destructiveness to roads, is reasonable. Within each class so made the fee is uniform. Hence there is no violation of Section 3 of Article X of the Constitution. St. Louis v. Green, 70 Mo. 562, 7 Mo. App. 468. (5) The Legislature has the general power to impose a tax or license

288 Mo.—39

fee on privileges. Sec. 1, Art. X, Mo. Constitution. (6) The precise points made here by the relator have been ruled adversely to his position by the Supreme Court of Missouri in an exactly parallel case. St. Louis v. Green, 70 Mo. 562, adopting the opinion in St. Louis v. Green, 7 Mo. App. 468. (7) The entire current of authority in this country is to the effect that statutes similar to ours are constitutional. Saviers v. Smith, 128 N. E. (Ohio) 269; Ex parte Schuler, 139 Pac. (Cal.) 685; Ex parte Kessler, 146 Pac. (Idaho) 113; Lillard v. Melton, 87 S. E. (S. C.) 421; Ard v. People, 182 Pac. (Colo.) 892; Transfer Co. v. Nichol, 215 S. W. (Ark.) 579; Atkins v. State Highway Dep., 201 S. W. (Tex.) 226; Smith v. Commonwealth, 194 S. W. (Ky.) 367; Ex parte Hoffert, 148 N. W. (S. D.) 20; State v. Lawrence, 66 So. (Miss.) 745; Kane v. Titus, 80 Atl. (N. J.) 453; State v. Ingalls, 135 Pac. (N. M.) 1177; Vernor v. Secretary of State, 146 N. W. (Mich.) 338. For collections of cases, see 1 L. R. A. (N. S.) 215; 37 L. R. A. (N. S.) 440; 52 L. R. A. (N. S.) 949; L. R. A. 1915D, 332.

HIGBEE, J.—This is an application for a writ of mandamus directed to respondent, commanding him to register in his office relator's automobile truck, authorizing him to operate said car upon the public highways of the State of Missouri, upon the payment of a fee of one dollar. The petition, in substance, avers that relator is a resident of Jefferson City, Cole County, Missouri; that he is the owner of a Kelly-Springfield motor truck, which he operates and drives upon the public highways of this State; that said motor truck is propelled by a gas engine, has four cylinders, "4½" bore, and that the horse power of said motor truck is 30 h. p.; that on May 27, 1921, he presented to the respondent Secretary of State an application in due form for the registration of said motor truck, on a blank furnished by the Secretry of State for that purpose, which it is admitted was in accordance with Section 7553, Revised

Statutes 1919, and tendered to the said respondent a fee of one dollar for the registration of said truck, but that said respondent refused to register said truck unless the said relator paid to the said respondent, for the use and benefit of the State of Missouri, a registration fee of ten dollars in accordance with the schedule provided in Section 7558, relating to motor vehicles; that the action of the respondent in refusing to register said automobile truck and in demanding a greater sum than one dollar as a license fee for the registration of said motor vehicle, is unwarranted, unlawful and unjust in the following particulars, to-wit:

(1) Because said sum of one dollar tendered by the relator to the respondent is in excess of and amply sufficient to pay all costs incident to the issuance of the certificate of registration, two duplicate number plates, the printing of the application blanks, the cost of clerical help, together with all other costs incident to the registration of said automobile.

(2) Because the sum demanded of relator by respondent is nine dollars in excess of all costs and expenses incident to the registration of said automobile, and that said excess is a tax upon this relator in the sum of nine dollars.

(3) Because Section 7558 is violative of Section 3 of Article X of the Constitution, in that the tax levied under the provisions of said section is not uniform upon the same class of subjects within the territorial limits of the State.

(4) Because said Section 7558 is violative of Section 4 of Article X of the Constitution in that all property of the State subject to the tax imposed by said section is not taxed in proportion to the value of said property.

(5) Because Section 7558 is unconstitutional for the reason that it places a special tax in the sum of nine dollars upon relator's property, which is already assessed and taxed as personal property. Wherefore, relator prays, etc.

The issuance of the alternative writ was waived. The respondent's return admits all the facts alleged, but denies that his action in refusing to register relator's automobile truck and in demanding a greater sum than one dollar as a license fee for the registration thereof, was unwarranted, unlawful and unjust.   On the contrary, respondent states that it was his duty to refuse to register said truck except upon the payment of a registration fee of ten dollars, as required by Section 7558, Revised Statutes 1919.

Respondent denies that Section 7558 is violative of either of the sections of the Constitution specified in the petition.   Respondent says that the motor-vehicle-license fee provided for by Section 7558 is not a tax upon property, but a license fee exacted for the privilege of operating motor vehicles on the public highways of the State, and that Section 3 of Article X of the Constitution only requires uniformity as to taxes on property in this State.

I.   Section 7553, Revised Statutes 1919, requires the annual registration by the Secretary of State of very motor vehicle operated upon the public highways (except as otherwise provided), and Section 7558 requires the payment of registration fees thereon according to a schedule of horse-power ratings. The fee for those rating 24 and less than 36 horse-power is ten dollars.   By Section 7604 (also 10902) the registration fees provided by the act must be paid by the Secretary of State into the State Treasury for the benefit of the State Road Fund, less the cost of administering the provision of the chapter relative to motor vehicles.   It is therefore avowedly a revenue measure.   The owner of such vehicle may operate it on his own premises without being subject to the payment of the registration fee imposed by the statute.   In such case he will pay the general property tax.   The State maintains roads and bridges at great expense and exacts a license fee for the privilege of driving or operating these high-powered vehicles thereon.   It is clear therefore that the registration fee is

*License Fee.*

not a tax on the vehicle, but upon the privilege of operating it on the highways of the State.

II.  The constitutional questions raised by the relator were thoroughly considered in St. Louis v. Green, 7 Mo. App. 468, l. c. 473.  An ordinance of the City of St. Louis imposed an annual license tax on vehicles, from two dollars upon a handcart, three dollars on a buggy, up to thirty dollars for a six-horse omnibus.  It was contended that the ordinance was violative of the identical provisions of the Constitution now urged by the relator.  The court said.  ''Every burden imposed for revenue purposes is levied under the taxing power, by whatever name the tax is called.  License-fees, when for revenue, tolls, polls, taxation of money, and of corporations in proportion to their capital stock, are instances of special cases of taxes which are regarded as exempted by implication from the constitutional rules as to *ad valorem* assessments.  It is therefore a mistake to suppose that the constitutional provisions in question include every species of taxation.  These provisions as to equality and uniformity of taxation apply to property alone, not to taxes on privileges or occupations, or on the exercise of a civil right.''

The court held that the tax, being general and uniform as to each class of vehicles named in the ordinance, not according to value but graduated so that the kind of carriage which is the most destructive to the street shall pay the most and those that are the least destructive to the pavements shall pay less according to their kind, does not appear to be unconstitutional on any ground of inequality.

''The tax, then, is not a tax upon the carriage as property, but upon the right to use the carriage on the streets of the municipality imposing it, and though imposed for revenue and not for police purposes at all, it is a tax of the nature of a license, because it is a permission to do that which, after the passage of the ordinance, it becomes unlawful to do without having obtained the

permission.'' [p. 478.] On appeal this ruling was affirmed, all the judges concurring. [70 Mo. 562.]

III. In St. Louis v. United Railways, 210 U. S. 266, the constitutionality of an ordinance of the City of St. Louis, imposing a tax on street cars equal to one mill for each passenger carried by any street car, was upheld as a revenue measure. At the time the ordinances granting rights to the street railways were passed, there were sections of the municipal code in force requiring them to pay to the city collector an annual license fee of $25 for each car used by them in carrying passengers for hire in the city. The ordinance in question imposed the mill-tax for each passenger so carried and was an amendment of the sections of the municipal code fixing the license tax at $25 per car. [p. 272.] In St. Louis v. United Railways, 263 Mo. 387, the city sued to recover this mill-tax. It was contended by the defendant that this was not a license tax, but a tax on property and double taxation, violative of Section 3, Article 10, of the Constitution. This court, however, held that it was a license tax for a privilege bestowed (page 449), citing with approval St. Louis v. Green, supra, and other cases.

<span style="margin-left:2em">Revenue Measure.</span>

IV. The advent of motor vehicles made necessary the continued expenditure of large sums of money in the construction and maintenance of better roads and bridges, including the cost for the protection and identification of such vehicles, for police protection and for control and direction of the heavy and dangerous traffic which came with that class of high-powered vehicles. It is, therefore, not only a police regulation, but a revenue measure as well. [Berry, Automobiles, sec. 110, p. 119.]

<span style="margin-left:2em">Police Regulation.</span>

''Its purpose is manifestly the production of revenue to be used for the purpose specifically set forth. If the law raised sufficient to pay only the expense of administering it, it would not be a tax at all. It would be in the

nature of a license. Being a tax laid on the privilege for a specific purpose to be used for the maintenance and repair of the thing concerning which the privilege is granted, it is a valid tax unless unreasonable. The use of the entire proceeds in aid of the specific privilege enjoyed by those who pay the tax is an essential feature in determining its reasonableness. . . . The authorities agree that a statute is general and uniform if it operates equally upon every person and locality within the circumstances covered by the act, and when a classification has a reasonable basis it is not invalid merely because not made with exactness, or because in practice it may result in some inequality.'' [Saviers v. Smith, 128 N. E. (Ohio) 269, l. c. 272, citing many cases.]

''The charging of an annual sum for the use of its highways by automobiles, instead of a mileage fee, is clearly a matter within the discretion of the State. No constitutional objection lies in the way of a legislative body prescribing any mode of measurement to determine the amount it will charge for the privilege it bestows. [Home Ins. Co. v. New York, 134 U. S. 594, 10 Sup. Ct. 593, 33 L. Ed. 1025.] . . . The imposition is a license or privilege tax, charged in the nature of compensation for the damage done to the roads. of the State by the driving of these machines over them and is properly based, not upon the value of the machine, but upon the amount of destruction caused by it.. . . . The fact that an *ad valorem* tax is levied by local authorities upon all automobiles as property does not make this double taxation, which occurs when the same property is taxed by the same government during the same period.'' [Ex parte Schuler, 167 Cal. 282, 139 Pac. 685, 689, Ann. Cases 1915C, 706, l. c. 710.] [See, also, Hendrick v. Maryland, 235 U. S. 610; Re Kessler, 26 Idaho, 764, 146 Pac. 113, L. R. A. 1915D, 322; Lillard v. Melton, 87 S. E. 421; Ard v. People, 182 Pac. (Col.) 892; Pine Bluff Transfer Co. v. Nichol, 215 S. W. (Ark.) 579; Atkins v. State Highway Dept., 201 S. W. (Tex.) 226; Smith v. Comm., 194 S. W.

(Ky.) 367; Ex parte Hoffert, 148 N. W. 20; State v. Lawrence, 66 So. 745; Kane v. Titus, 80 Atl. 453; State v. Ingalls, 135 Pac. (N. M.) 1177.]

"In the absence of any inhibition, express or implied, in the State Constitution, the Legislature may, either in the exercise of the police power or for the purpose of revenue, levy license taxes on occupations or privileges within the limits of the state." [25 Cyc. 599, sec. 3.]

The Constitution does not prescribe uniformity of taxation as to any subject-matter of taxation except property in the constitutional sense. [Ludlow-Saylor Co. v. Wollbrinck, 275 Mo. 339.]

V. Amendment 44a to Article IV of our Constitution reads, in part: "Any motor-vehicle registration fees or license fees or taxes, authorized by law, except the property tax thereon, less the cost and expense of collection and the cost of maintaining any state highway department or commission, authorized by law, shall, after the issuance of such bonds, and so long as any bonds herein authorized are unpaid, be and stand appropriated without legislative action for and to the payment of the principal of the said bonds, and shall be credited to a sinking fund to be provided for by law."

Constitutional Recognition.

This is a solemn recognition of the validity of the registration fees imposed by Section 7558, Revised Statutes 1919, for the privilege of operating motor vehicles on the public highways of the State, as distinct from the *ad valorem* tax to which they are also subject. Is the Constitution constitutional? It is said that doubt is the beginning and end of our efforts to know. There are, it seems, some who still doubt the constitutionality of Amendment XVIII to the Federal Compact, but it has been surmised that thirst is father to the doubt.

VI. The relator's learned counsed cite Vernor v. Secretary of State, 146 N. W. (Mich.) 338, l. c. 341, which,

they claim, supports their contention. The opinion states: "But we are dealing with a case where the enactment, impliedly at least, recognizes the fact that the sums are imposed for taxation, and all other taxation is prohibited." It does, however, hold that the license tax, if a revenue measure, is double taxation and unconstitutional. The opinion cites Janes v. Graves, 24 Ohio Dec. 55, decided by an Ohio court of common pleas; also State v. Lawrence, 61 So. (Miss.) 975. The latest decisions in those states are in harmony with St. Louis v. Green, and with the trend of authority as shown by the citations, supra. Kansas City v. Grush, 151 Mo. 128, does not support it. That case holds that an ordinance which assesses an occupation tax against a produce dealer who is clearly a merchant, is unconstitutional. A city cannot tax some merchants and exempt others.

The writ is denied. All concur; *Graves, J.,* in separate opinion.

GRAVES, J. (concurring).—I concur in all of the opinion of my learned brother except what is said of St. Louis v. United Railways, 263 Mo. 387. That case is a misconception of the law in the instant case. There is no question that there may be a property tax, *ad valorem,* on a given article of property, and in addition the use of the same property may be subjected to a license or privilege tax. In other words, an automobile may be taxed as property, and in addition its use upon the streets and public roads be subject to a license or privilege tax, and such would not be double taxation. The object of both taxes may be to produce revenue. What is known as the St. Louis Mill Tax case, was double taxation from any angle you view it. By statute its franchise rights were made property. Everything the railroad company had, except the mere right of corporate existence, was made property, and the right to run its cars upon the street was property, under that statute, and was valued, assessed and taxed as property and as the cars were taxed.

The right to operate on the streets, being made property by the statute, and subject to taxation under the statute, any further tax upon the privilege or right would be double taxation, because a tax upon property. This because the statute made the privilege property.

Another idea of the Mill Tax case is found in the fact that when the city granted the railway company the right to run its cars upon the streets, it exacted of the railway an annual tax for that privilege, which was being paid at the time of the levy of the so-called mill tax. This tax provided for in the ordinance granting the privilege was a license or privilege tax, and the mill tax was a license or privilege tax for the exercise of the same privilege, i. e. the operation of cars upon the streets. There was double taxation of the same privilege. [St. Louis v. United Railways, 263 Mo. l. c. 466 et seq.]

But this Mill Tax case, in fact, is not this case. Here we have the automobile taxed as property, and then we have a privilege tax upon its use upon the public highways. These are two different classes of taxes, and not double taxation. To have double taxation the two taxes must be of the same general class. Two property taxes upon the same property is double taxation. So also, two license or privilege taxes on the same privilege is double taxation. But that is not this case. With the exception herein noted, I concur.