**LAKE & TRAIL SPORTS CENTER, INC., Petitioner-Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

**No. 63218.**

Supreme Court of Missouri,
En Banc.

April 6, 1982.

Rehearing Denied May 11, 1982.

1. These sections, in their applicable provisions, are essentially the same as § 144.020, RSMo

Richard M. Webster, Elliston & Webster, Webb City, for petitioner-appellant.

John Ashcroft, Atty. Gen., Madeline Birmingham, Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

The issue in this case is whether the sale of certain types of vehicles, known as "dirt bikes", renders the seller subject to sales tax for the privilege of engaging in the business of selling tangible personal property at retail, or whether such vehicles are "motor vehicles" so that the tax involved is paid directly to the department of revenue by the purchaser. Petitioner-appellant sells dirt bikes and respondent-director seeks to collect sales tax on these sales from petitioner.

The director of revenue determined that a dirt bike was not a motor vehicle. On this basis, for the time petitioner did not collect sales tax, an assessment of unpaid sales tax in the amount of $1,676.67 was issued. Petitioner appealed to the Administrative Hearing Commission. The commission affirmed the decision of the director, finding that a dirt bike was *not* a motor vehicle because a dirt bike was not designed primarily for use on the highways and thus petitioner had a duty to remit sales tax on the sale of dirt bikes. Petitioner filed a timely petition for review in the Missouri Court of Appeals, Western District. Prior to opinion, the court of appeals transferred the cause to this Court because the issue of whether a dirt bike is a motor vehicle within the contemplation of chapter 144, RSMo, involves construction of the revenue laws of this state (§§ 144.020, .060–.070, RSMo 1969 [1]). Mo.Const., art. V, §§ 3, 11.

Cum.Supp.1981, and §§ 144.060 .070, RSMo 1978.

The facts are stipulated. Lake & Trail Sports Center, Inc., is a Missouri corporation located in Joplin, Missouri. It handles a certain line of motor vehicles known as "dirt bikes". In April 1976, the company opened for business. That same month the company's manager went to the office of the department of revenue in Joplin where he talked with a supervisor. He was advised not to collect sales tax on dirt motorcycles.

In April of 1978, the company's bookkeeper became aware of some change in the law in the state of Oklahoma and this prompted her to call the Missouri Department of Revenue office in Joplin regarding the requirements in Missouri. The person she talked with expressed a lack of knowledge as to whether the sales tax should be collected. That person at the revenue office called the company's bookkeeper back and said that he had conferred with his superiors in Jefferson City and had ascertained that the tax should be collected. Immediately, the company began collecting the sales tax.

In July 1978, the company received a telephone call from the Joplin office of the Missouri Department of Revenue advising it *not* to collect sales tax on dirt motorcycles and requesting that the company refund all taxes collected. The bookkeeper advised the Joplin office that the company had previously been told to collect the tax. She was informed that the information was erroneous and again she was instructed to refund the tax.

After the July 1978 conversations, another person at the Joplin office told the company that the Director of Taxes and Collection for the State Department of Revenue in Jefferson City had determined that the seller should collect the tax.[2]

An audit was commenced two months later. In January 1979, the company received Memorandum 41–78 from the department of revenue. This correspondence stated that all off-the-road vehicles not meeting the requirements for a license should have sales tax paid by the purchaser and collected by the dealer at the time of the sale. In February 1979, the assessment of sales tax was issued against Lake & Trail Sports Center by the director of revenue. (end of stipulation.)

Section 144.021 declares that the purpose of the Sales Tax Law is to impose a tax on the privilege of engaging in the sale of tangible personal property in this state and places the burden of collecting the tax on the seller. Section 144.080, subd. 4 reiterates the requirement that the seller must collect the tax with one exception—motor vehicles. The collection of tax concerning the sale of motor vehicles is governed by § 144.070, subd. 1. That section makes it clear that in the sale of motor vehicles the purchaser, not the seller, is responsible for paying the sales tax directly to the director of revenue. Thus, whether petitioner is liable for the assessment of unpaid sales tax turns on whether a dirt bike is a motor vehicle. Chapter 144 does not contain a definition of "motor vehicle". Chapter 301, Registration and Licensing of Motor Vehicles and Outboard Motors, however, provides a means for enforcing payment of the sales tax on motor vehicles[3] and the definition therein can provide guidance to determine if a dirt bike is a motor vehicle for purposes of the Sales Tax Law.

---

2. A recitation of the department of revenue's reversals whether to collect or not collect the sales tax is included because these details are stipulated to by the parties. These facts, however, are extraneous to the decision this Court reaches. Nevertheless, they demonstrate both the dilemma facing a citizen (businessman) when the laws or regulations are unclear and the need for clarity in taxing statutes and regulations.

3. Section 301.190 makes "it unlawful for any person to operate in this state a motor vehicle or trailer required to be registered under the provisions of the law unless a certificate of ownership has been issued. Thus, a sanction for enforcement [of nonpayment of the sales tax] does exist . . . ." *State ex rel. Conservation Comm'n v. LePage*, 566 S.W.2d 208, 212 (Mo. banc 1978).

Current regulations of the department of revenue also make the definition of motor vehicle contained in chapter 301 applicable to the Sales Tax Law. 12 C.S.R. 10 3.434(1) (1981). For the text of this regulation, see note 4 *infra*.

Section 301.010(17), RSMo 1969 (now § 301.010(16), RSMo Cum.Supp.1981), defines a motor vehicle as "any self-propelled vehicle not operated exclusively upon tracks, except farm tractors", and § 301.010(15), RSMo 1969 (now § 301.010(17), RSMo Cum.Supp.1981), defines a motorcycle as "a motor vehicle operated on two wheels". A dirt motorcycle is a motor vehicle under these definitions. But, the director urges that in order to exclude such things as power lawnmowers and golf carts, the definition of "motor vehicle" must be read in conjunction with the definition of "vehicle" contained in § 301.010(30), RSMo 1969 (current version at § 301.010(36), RSMo Cum.Supp.1981). Thus, according to the director, a motor vehicle is "a self-propelled mechanical device on wheels, *designed primarily for use on the highways*, which is not operated exclusively upon tracks, except farm tractors."

Certainly, a dirt bike is "a self-propelled mechanical device not operated exclusively upon tracks", and is not a farm tractor. Whether a dirt bike is a motor vehicle must center on if it is "designed primarily for use on the highways".

The parties tacitly admit that a motorcycle is a motor vehicle. It is apparent that the *only* difference between a motorcycle and a dirt motorcycle, under the stipulated evidence before this Court, is that a dirt motorcycle has no headlight or tail lights. In fact, the parties stipulated that "a dirt bike is a motorcycle, and is identical to other motorcycles, except for the lack of a headlight and tail light." Thus, the only claim of nonmotor-vehicle status for a dirt motorcycle is lack of certain appendages.

On the basis that it is not equipped originally with lights, the director of revenue contends that a dirt bike is not designed primarily for use on highways because it cannot be licensed to travel on highways without lights. Hence, according to the director, a dirt bike does not meet the definition of nor can it be considered as a motor vehicle.

To conclude that a dirt bike is not a motor vehicle *because* it has no lights and,

therefore, cannot be licensed for highway use, equates ability to meet equipment requirements so as to pass safety inspection and obtain a license with whether the vehicle is designed primarily for highway use. The two are not necessarily the same. For example, an automobile in a dealer's showroom clearly is designed for use on the highways. Yet, if its lights were nonfunctional, that vehicle would not meet safety regulations and could not be licensed for use on the highways. Nevertheless, because the design and primary use of that automobile have not changed, a purchaser of the car would not be relieved of paying sales tax or from obtaining a certificate of title. Thus, whether a mechanical device can or cannot meet light safety requirements is not dispositive of the question whether that device is a motor vehicle and is designed primarily for use on the highways.

Even if a mechanical device was clearly a motor vehicle and could meet safety regulations necessary for registration and licensing, it does not necessarily mean the owner of that vehicle would have to pay the registration fee and obtain license plates, although he would still have to obtain a certificate of ownership with the concommitant payment of the sales tax. As this Court stated in *State ex rel. McClung v. Becker*, 288 Mo. 607, 233 S.W. 54 (banc 1921):

> The owner of such vehicle may operate it on his own premises without being subject to the payment of the registration fee imposed by the statute.... The state maintains roads and bridges at great expense and exacts a license fee for the privilege of driving or operating these high-powered vehicles thereon. It is clear, therefore, that the registration fee is not a tax on the vehicle but upon the privilege of operating it on the highways of the state.

*Id.* at 612–13, 233 S.W. at 55. *See also* Mo.Const., art. IV, § 30(b). Thus, whether a motor vehicle must be licensed and an annual registration fee paid depends on if that vehicle is to be operated on the high-

ways. § 301.020, RSMo 1978; § 301.130, subd. 7, RSMo Cum.Supp.1981; *State v. Hall*, 351 S.W.2d 460, 463–64 (Mo.App.1961). And whether safety regulations can or cannot be met is of significance only if that vehicle is to be licensed before it can be operated on the highways. Merely because a vehicle is not operated on the highways does not mean it was not designed primarily for highway use. Therefore, the director's contention that since the dirt bikes sold did not, at that time, meet safety regulations and could not be licensed is not controlling in this case with regard to whether they are motor vehicles for purposes of the Sales Tax Law.

There is no contention that both a dirt bike and a motorcycle are not two-wheeled vehicles propelled by internal combustion engines which are intended to transport people from one place to another. And the transportation of people usually occurs on the roads and highways. Under the stipulated evidentiary record, the parties agree that a dirt bike is in all respects a motorcycle, except for the lack of lights. A motorcycle is defined as "a *motor vehicle* operated on two wheels". § 301.010(15), RSMo 1969 (now § 301.010(17), RSMo Cum.Supp. 1981) (emphasis added). The Court holds that a "dirt bike" is a motor vehicle primarily designed for use on highways and the lack of lights does not affect that determination.

This holding is supported by the department of revenue's regulation in force when the director made the assessment of unpaid sales tax against petitioner. That regulation provided, "For the purpose of the sales tax law, a motor vehicle is defined as any self-propelled vehicle not operated exclusively upon tracks, except farm tractors." 12 C.S.R. 10–3.434(1) (1976).[4] And the seller need not collect the tax because "the tax is payable at the time of titling."[5] 12 C.S.R. 10–5.085(1) (1976).

4. This regulation has since been modified, effective January 1, 1981, and now reads as follows: "For purposes of sales tax, the terms 'motor vehicle' and 'trailer' have the same meaning as those terms under the titling and licensing laws of the state of Missouri." 12 C.S.R. 10 3.434(1) (1981).

A dirt bike is a motor vehicle for purposes of the Sales Tax Law. The decision of the Administrative Hearing Commission is reversed.

All concur.

5. While not necessary to the disposition of this appeal, it should be noted that since a dirt bike is a motor vehicle, it is required to be titled at which time the sales tax is collected by the director of revenue.