Matthias, J.
 

 The single question presented in this case is whether the plaintiff, being a motor transportation corporation created and existing under the laws of Ohio, having its principal place of business in Ohio but also maintaining a garage and terminal in the state of New York for its motor vehicles in that state, which motor vehicles are registered under and in compliance with the law of that state but used both for intrastate business in New York and interstate transportation between points in Ohio and New York, is a resident of New York and a nonresident of Ohio within the meaning of the provisions of Section 6306, General Code, whereby motor vehicles owned by nonresidents of Ohio are exempted from the requirement of registration and payment of license tax upon motor vehicles operated on the public roads or highways in Ohio.
 

 
 *615
 
 Section 6306, General Code, reads:
 

 “Tlie owner of every motor vehicle which is duly registered in any state, district, country or sovereignty other than the state of Ohio shall be exempt from the foregoing sections of this chapter and the penal statutes relating thereto, provided the owner thereof has complied with the provisions of law in regard to motor vehicles in the state of his residence and complies with such provisions while operating and driving such motor vehicle upon the public roads or highways of this state, and further provided that such provisions of law of such other state make substantially like and equal exemptions to the owners of motor vehicles registered in this state.
 

 “Reciprocal agreements between this and any other state, district or country necessary in administering the provisions of this section shall be made as provided in Section 6306-1 of the General Code.”
 

 The plaintiff concedes that a corporation can be domiciled only in the state wherein it has ,its principal place of business, but contends that a corporation may have residences, as distinguished from a domicile, in other states where it is qualified to do business. Its claim to exemption from the requirement of registration of its motor vehicles in this state is based upon that theory.
 

 The defendants contend that under our statutes relating to taxation there is no such distinction and that a corporation is a resident of the state where incorporated and of no other state.
 

 Section 6291, General Code, levies an annual license tax “upon the operation of motor vehicles on the public roads or highways of this state.”
 

 Section 6294, General Code, requires every owner of a motor vehicle operated or driven upon the public roads or highways of this state to file annually an ap
 
 *616
 
 plication for the registration of such motor vehicle. The only exception to such requirement is that made by the provisions of Section 6306, General Code, in favor of nonresidents of the state, as heretofore stated.
 

 It is well settled that in the construction and interpretation of a law the title of the act may be utilized in determining the purpose which induced its enactment and may be persuasive in determining its meaning. 37 Ohio Jurisprudence, 683, Section 376, and cases cited.
 

 The act of which Section 6306, General Code, as now in force, is a part, included in its purpose, as stated in its title, “providing exemptions to certain nonresidents.”
 

 Section 12618-3, General Code, prescribes a penalty upon the owner of a motor vehicle who
 
 being a resident of this state
 
 “drives such motor vehicle upon the highways of this state displaying thereon a distinctive number or identification mark issued by or under the authority of
 
 another state
 
 without complying with the law's of this state relating to the registration and identification of motor vehicles.” (Italics ours.)
 

 Considering these various provisions together, the restricted sense in which the word “residence” is used becomes obvious. The exemption is limited to
 
 nonresident
 
 whose motor vehicle is properly registered in the state of
 
 his residence.
 

 The question concisely stated is: Are the motor
 
 vehicles
 
 in question, which are kept and garaged in New York but which are owned by an Ohio corporation, having an established residence in this state, and operated on the highways of Ohio in interstate business, owned by a
 
 nónresident
 
 of Ohio? Plaintiff’s claim of
 
 nonresidence
 
 in Ohio must be established by it to entitle it to the exemption it seeks in this action.
 

 
 *617
 
 It is stated in Fletcher, Cyclopedia Corporations, Permanent Edition, Volume 8, page 443, as follows:
 

 “* * * Not only is the fact of the citizenship, habitancy and residence of a corporation settled beyond the point of refutation, but the courts, with but few dissenting voices, assent to the proposition, only occasionally attempted to be qualified, that such citizenship, domicile, residence, or habitancy as the case may be, can be only of or in the state or country by which the corporation was created. * * *
 

 “Furthermore, as the rule is often stated, a corporation is incapable of- passing personally beyond the jurisdiction of the sovereignty which created it. It may not ‘migrate’ from state to state. It may do business and maintain agencies in another state if its charter permits, and that right is not denied by local law; its officers, directors and stockholders may reside therein; it may be denominated a domestic corporation, be vested with citizenship and be given a local residence by the statutes of such state, yet it continues to be a citizen, inhabitant and resident only of the state by which it was created except so far as the operation of local laws requires that it be regarded as having a-local citizenship, habitancy, of residence, as the case may be; wherever it goes for business it carries its charter, as that is the law of its existence, and it must dwell at the place of its creation.”
 

 Numerous cases are cited in support of the text.
 

 Under the principle announced in the following cases the plaintiff is a resident of Ohio:
 
 Pelton
 
 v.
 
 Northern Transportation Co.,
 
 37 Ohio St., 450;
 
 State, ex rel. Stanton, Pros. Atty., v. Zangerle, Aud.,
 
 117 Ohio St., 436; and
 
 Sweeny, Reer.,
 
 v.
 
 Keystone Driller Co.,
 
 122 Ohio St., 16. That principle is well stated in the opinion in the
 
 Pelton case, supra,
 
 and has been followed and applied in subsequent decisions. It is as follows:
 

 
 *618
 
 “For many purposes, a corporation is regarded as having a residence — a certain and fixed domicile. In this state, where corporations are required to designate in their certificates of incorporation the place of the principal office, such office is the domicile or residence of the corporation. The principal office of a corporation, which constitutes its residence or domicile, is not to be determined by the amount of business transacted here or there, but by the place designated in the certificate.”
 

 Attention is directed to the fact that under the provisions of the statutes of the state of New York, motor vehicles owned by a corporation which are garaged in another state where it has a place of business and the latter state compels registration of such motor vehicles, such corporation shall be deemed a resident of the foreign jurisdiction and a
 
 nonresident of New York
 
 “for the purpose of enjoying the privileges of this section” (a portion of the New York Vehicle and Traffic Laws).
 

 However, there is no such provision in the statutes of this state defining “nonresident.” If our law is to be thus amended, that is a legislative and not a judicial function.
 

 It is complained that our statutory provisions as construed and enforced place excessive and improper burdens upon Ohio corporations. It is to be noted that, acting upon the advice contained in written opinions of the Attorney General, the laws of this state involved herein have been enforced in the manner challenged by the plaintiff for more than a decade, during which there have been several sessions of the Ohio General Assembly.
 

 Under the existing law of this state, motor vehicles of an Ohio corporation operated or driven upon the public roads or highways of this state, although
 
 *619
 
 garaged and licensed in another state, must be registered and licensed to operate in Ohio.
 

 It follows that the judgment of the Court of Appeals should be and is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner and Hart, JJ., concur.