THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. GARFORD TRUCKING, INC., DEFENDANT-RESPONDENT.

Argued March 6, 1950—Decided April 24, 1950.

*Mr. Stephen V.R. Strong,* Assistant County Prosecutor, argued the cause for the State. *Mr. Matthew F. Melko,* County Prosecutor, on the brief.

*Mr. Baruch S. Seidman* argued the cause for the respondent. *Messrs. Burton, Seidman & Pressler,* attorneys.

The opinion of the court was delivered by

HEHER, J. The respondent Garford Trucking, Inc., was convicted in the Municipal Court of the Township of Woodbridge on a complaint charging the operation of an unregistered motor vehicle on a public highway of the Township on February 14, 1949, in disregard of *R. S.* 39:3–4. The Middlesex County Court reversed the judgment on appeal; and the State's appeal from the judgment of reversal to the Appellate Division of the Superior Court was certified here on our own motion.

Under *R. S.* 39:3–15, a motor vehicle "belonging to a nonresident," registered in accordance with the laws of the state or sovereignty "in which the nonresident resides," is in cer-

tain circumstances immune from the obligation of registration under *R. S.* 39:3–4; and the question for decision is whether the operation of the vehicle made the subject of this prosecution comes within the exempt category.

These are the circumstances, briefly told: Garford is a body corporate organized and existing under the laws of New Jersey, "having its principal office, or place of business," in South River, Middlesex County, New Jersey. It is a common carrier in interstate commerce. It "operates in twelve different states along the Eastern Seaboard" and, "as permitted by its charter, * * * has become licensed to do business in those states, including the State of Rhode Island." It "maintains" in each state "a terminal, personnel, offices, facilities and equipment, including a number of trucks, tractors, and trailers." The vehicles "are based and serviced in those states, licensed there, and they remain there except when the individual vehicles are engaged in interstate commerce." The operation made the subject of the complaint involved a motor vehicle owned by the corporation "and based in the State of Rhode Island." The vehicle was then "being operated by one of" the Company's "employees through the State of New Jersey, its destination being Baltimore, Maryland;" and it "was not to unload any part of its cargo in New Jersey, nor to take on any additional cargo in this State." While on this mission, the summons in this proceeding was served.

Recognizing the question to be one of statutory construction, the County Judge was of the view that the cited statutes do not have reference "to the actual domicile of the owner, regardless of the *situs* of the vehicles;" that "for the purposes of motor vehicle registration the term 'residence' is still inextricably bound to the *situs* of the vehicle;" that in determining whether a New Jersey corporation is a "resident" of the State "for the purposes of motor vehicle registration, * * * the test to be applied is still the *bona fide situs* of the vehicles sought to be registered;" and that if the vehicles of a domestic corporation "are in good faith geographically based and located in a sister State, as in the present case, then this

corporation for purposes of registration of those particular vehicles is a non-resident" and "they need only be registered in the sister State to be accorded highway privileges in New Jersey for such period of time as the said sister State would reciprocally allow New Jersey vehicles similar privileges." It was considered that the interpretation *contra* would impose a "penalty" on New Jersey corporations where the vehicle had "a *bona fide situs*" in another state and was "required by local law to be registered," and would constitute "discrimination against the citizens of New Jersey" at variance with the legislative intention. But there is no such expression in the statute. Considerations of policy alien to its letter and spirit were allowed to control the meaning.

Except as provided otherwise in the article, *R. S.* 39:3–4 lays the obligation of registration upon "every resident of this State and every nonresident whose automobile or motor cycle shall be driven in this state." The exemption of *R. S.* 39:3–15 applies only to a motor vehicle "belonging to a nonresident" registered under the laws of the state or other jurisdiction "in which the nonresident resides," and which has its registration number "conspicuously displayed thereon." The immunity is conditioned upon reciprocity: it exists only "during such portion of the entire year as the free operation of a similar type of vehicle belonging to a resident of this State," and registered in compliance with its laws, is permissible in the state or sovereignty "of the nonresident."

Garford is not a "nonresident" of New Jersey; it is domiciled and resident here. A corporation created and existing under the laws of New Jersey may have a "commercial domicile" or "business *situs*" elsewhere for taxation and other purposes; but it is nonetheless domiciled and resident in the state of its creation, for a corporation is domiciled in the state or sovereignty under which it has its being, and there also it has the residence which is inseparable from domicile. A corporation lives and dwells in the jurisdiction whence it derives its existence, although it engages in business elsewhere under local authority. A corporate entity

"must dwell in the place of its creation, and cannot migrate to another sovereignty." *The Bank of Augusta v. Earle,* 13 *Pet.* 519, 588, 10 *L. Ed.* 274, 308 (1839). To the same effect: *Cream of Wheat Co. v. County of Grand Forks,* 253 *U. S.* 325, 40 *S. Ct.* 558, 64 *L. Ed.* 931 (1919); *Seaboard Rice Milling Co. v. Chicago, R. I. & P. R. Co.,* 270 *U. S.* 363, 46 *S. Ct.* 247, 70 *L. Ed.* 633 (1925); *First Bank Stock Corporation v. Minnesota,* 301 *U. S.* 234, 57 *S. Ct.* 677, 81 *L. Ed.* 1061 (1936); *Douglass v. Phenix Ins. Co. of Brooklyn,* 138 *N. Y.* 209, 33 *N. E.* 938 (1893); *Holbrook v. Ford,* 153 *Ill.* 633, 39 *N. E.* 1091 (1894); *Bergner & Engel Brewing Co. v. Dreyfus,* 172 *Mass.* 154, 51 *N. E.* 531 (1898); *John P. Squire Co. v. City of Portland,* 106 *Me.* 234, 76 *A.* 679 (1909). In *Ex parte Schollenberger,* 96 *U. S.* 369, 377, 24 *L. Ed.* 853, 855 (1878), this was said: "A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter; but it may by its agents transact business anywhere, unless prohibited by its charter or excluded by local laws." The principle was reiterated in *Fairbanks Steam Shovel Co. v. Wills,* 240 *U. S.* 642, 36 *S. Ct.* 466, 60 *L. Ed.* 841 (1915); also, in *Galveston, H. & S. A. R. Co. v. Gonzales,* 151 *U. S.* 496, 504, 14 *S. Ct.* 401, 38 *L. Ed.* 248, 251 (1894). "By doing business away from their legal residence," said Chief Justice Waite, corporations "do not change their citizenship, but simply extend the field of their operations. They reside at home, but do business abroad." *Baltimore & Ohio R. R. Co. v. Koontz,* 104 *U. S.* 5, 11, 26 *L. Ed.* 643 (1881). See, also, *Shaw v. Quincey Mining Co.,* 145 *U. S.* 444, 12 *S. Ct.* 935, 36 *L. Ed.* 768 (1891). A corporation is "an artificial being, and has no dwelling either in its office, its warehouses, its depots or its ships. Its domicile is the legal jurisdiction of its origin, irrespective of the residence of its officers or the place where its business is transacted." *Merrick v. Van Santvoord,* 34 *N. Y.* 208, 218 (1866).

Unlike a natural person, a corporate entity cannot change its domicile at will, although it may have a *situs* or

residence elsewhere for the tranasction of its business. *International Milling Co. v. Columbia Transportation Co.*, 292 *U. S.* 511, 54 *S. Ct.* 797, 78 *L. Ed.* 1396 (1933). For a natural person, domicile of choice is essentially a question of residence and intention—of *factum* and *animus*. Ordinarily, domicile includes residence; but one may have several residences or places of abode or business. The basic concept underlying domicile is that of home, although one without a home has a domicile assigned by the law. *Kurilla v. Roth*, 132 *N. J. L.* 213 (*Sup. Ct.* 1944). "Domicile" in common usage has reference to the place where a person lives or has his home; the term is derived from the Latin *"domus,"* meaning "a house; a dwelling house; a home; a domicil; a residence." *Ballentine's Law Dictionary*, 400, 402. "Domicile" and "residence" are not convertible terms, although they are sometimes used interchangeably in legislative expressions. The polestar in each case is the intention of the law-making authority. *E. g., Brown v. Brown*, 112 *N. J. Eq.* 600 (*Ch.* 1933). See 28 *C. J. S.* 7, 14. In New Jersey, every corporation organized under its laws, and every foreign corporation authorized to transact business in the State, is required to maintain a "principal office" in the State and an agent in charge thereof upon whom process may be served. *R. S.* 14:4–2.

A natural person resident in this State does not become a "nonresident" within the intendment of the cited statute merely by engaging in business in another jurisdiction; *a fortiori*, a domestic corporation, whose domicile and residence in this State are inseparable incidents of the charter which gives it being, does not become a "nonresident" by transacting business in another sovereignty, even though it may also have a residence there for certain purposes. By the plain terms of the act, a "nonresident" is one who is not a resident of New Jersey. Registration in a foreign jurisdiction of the motor vehicle of a resident of New Jersey does not confer the right of free use of the highways of this State. When we consider the policy of the statute, all doubts as to

meaning disappear. Free operation is purely a measure of reciprocity in favor of the nonresident owner whose state accords the same privilege to residents of New Jersey. We do not find in this or related statutory provisions the expression of a purpose to permit the operation in this State of a motor vehicle of a New Jersey corporation, unregistered under *R. S.* 39 :3–4, because the vehicle is "based" in another jurisdiction where the corporation is engaged in business. *R. S.* 39 :3–4 contains a peremptory command that, except as thereinafter provided, "every resident of this state and every nonresident" shall be subject to the rule of registration. The question is essentially one of intention. The legislative purpose is couched in plain and unambiguous language; and we are not at liberty to modify the expression. There are conceivable reasons of policy for this regulation, related to the end to be served; a change of policy is a legislative and not a judicial function. A somewhat similar statute was so construed in *Western Express Co. v. Wallace,* 144 *Ohio St.* 612, 60 *N. E.* 2d 312 (1945).

The case of *Brand v. Auto Service Co.,* 75 *N. J. L.* 230, 231 (*Sup. Ct.* 1907), is overruled *pro tanto.*

It does not matter that here the vehicle was engaged in interstate commerce. The regulation does not impose a direct and material burden on interstate commerce. It constitutes a reasonable exercise of the police power for public safety and order in a field not occupied by the federal authority. *Hendrick v. Maryland,* 235 *U. S.* 610, 35 *S. Ct.* 140, 59 *L. Ed.* 385 (1914). The power of the State to regulate the use of motor vehicles on its highways extends to nonresidents as well as residents and "includes the right to exact reasonable compensation for special facilities afforded as well as reasonable provisions to insure safety." *Kane v. State,* 81 *N. J. L.* 594 (*E. & A.* 1911) ; affirmed, 242 *U. S.* 160, 37 *S. Ct.* 30, 61 *L. Ed.* 222 (1916).

And the regulation, as so viewed, does not work a denial of the equal protection of the laws in violation of the Fourteenth Amendment of the Federal Constitution. It

puts the nonresident owners on an equality with resident owners. This was plainly the legislative purpose. There is no undue discrimination against the resident owners who engage in business elsewhere. They are not, for that reason, entitled to the free use of the State's highways for their motor vehicles registered outside the State. The statutory policy is reciprocity. The nonresident owner is accorded the same free use of our highways as the jurisdiction of his residence gives to residents of New Jersey. This classification rests on justifiable distinctions, having in view the purpose to be served. It does not unduly burden or oppress resident owners. All those similarly circumstanced are treated alike. The failure to extend the benefits of the reciprocal clause to vehicles of resident owners registered outside of the State does not constitute a denial of the equality of right guaranteed by the equal protection clause. The design of the statute is to place resident and nonresident owners upon a parity as respects the operation of motor vehicles outside of the jursidiction of registration. The State may exempt the nonresident owner from the obligation of registration, but it is under no duty to include in that category the resident owner of vehicles registered elsewhere. There was no arbitrary selection here. The classification is based upon substantial differences related to the policy of the act and the object to be achieved, and is in no sense capricious or arbitrary. It embraces all and excludes none who naturally belong to the established classes. These are the criteria of conformance to the due process and equality clauses of the Fourteenth Amendment and the State Constitution. *Truax v. Corrigan,* 257 *U. S.* 312, 42 *S. Ct.* 124, 66 *L. Ed.* 254 (1921); *Old Dearborn Distributing Co. v. Seagram-Distillers Corporation,* 299 *U. S.* 183, 57 *S. Ct.* 139, 81 *L. Ed.* 109, 106 *A. L. R.* 1476 (1936); *Phelps v. Board of Education,* 300 *U. S.* 319, 57 *S. Ct.* 483, 81 *L. Ed.* 674 (1937); *Great Atlantic and Pacific Tea Co. v. Grosjean,* 301 *U. S.* 412, 57 *S. Ct.* 772, 81 *L. Ed.* 1193, 112 *A. L. R.* 293 (1937). The State has a broad discretion in the selection of the class; it suffices if the classification bear a reasonable

and just relation either to the general object of the legislation or to some substantial consideration of public policy or convenience or the service of the general welfare. *Washington National Insurance Company v. Board of Review*, 1 N. J. 545 (1949).

The judgment of the County Court is accordingly reversed, and the judgment of the Municipal Court is affirmed.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT and BURLING—5.

*For affirmance*—Justice WACHENFELD—1.