CITY OF TRENTON, HEALTH DEPARTMENT, DIVISION OF PLUMBING, RESPONDENT, v. JACK DAVIDSON, APPELLANT.

Mercer County Court
Law Division

Decided April 26, 1955.

*Mr. Eli J. Warach,* for respondent.

*Mr. Robert Watkins,* for appellant.

BENNETT, J. C. C.   Jack Davidson appeals from a conviction in the Municipal Court of the City of Trenton on a charge of violating section 18 of the Plumbing Ordinance of the City of Trenton which provides as follows:

> "Plans need not be filed, but permits must be obtained for new installations or alterations of water supply pipes for sanitary purposes and the replacement of old plumbing fixtures by other plumbing fixtures in the same location."

Appellant admitted the acts that constitute the alleged violation, *i. e.,* connecting an automatic hot water heater to the water pipes in a house in the City of Trenton.

The section of the ordinance in question was adopted in 1946 together with section 140 which reads as follows:

> "Nothing contained in this ordinance shall apply to a public utility corporation which is subject to the regulations of the Board of Public Utility Commissioners of the State of New Jersey when engaged in the installation, replacement or repair of household appliances which are used in connection with the service supplied by such Public Utility Corporation."

Appellant urges that the conviction should be reversed because the ordinance as related above is discriminatory, unreasonable and arbitrary, and, therefore, in violation of the Constitutions of the United States and the State of New Jersey.   Appellant argues section 140 is an arbitrary and capricious discrimination in favor of public utility corporations without reasonable relation to public health, the object of the legislation.   Defendant also contends that section 139 of the ordinance pertaining to minor repairs affects the validity of the entire plumbing ordinance in that the legis-

lation fails to set forth a definition or specification relating to minor repairs.

Respondent points to the presumption in favor of constitutionality and argues that the classification is rational and valid. Also, it argues that section 140 is severable and even if declared invalid the section under which the defendant was convicted remains valid.

An examination of section 140, together with statutes dealing with public utilities indicate that there was no arbitrary or capricious discrimination in the ordinance. The Board of Public Utility Commissioners has the right, the duty, and the power to order any public utility corporation to furnish safe service. *R. S.* 48:1 *et seq.*, especially *R. S.* 48:2–23, *R. S.* 48:2–25. See *Delaware, L. & W. R. Co. v. Board of Public Utility Commissioners*, 83 *N. J. L.* 212, 84 *A.* 702 (1912), and the fact that the Board has the power to regulate the utility companies provides a reasonable basis for the classification as made in the ordinance. Also, there are many distinctions between the defendant and a public utility which present a rational basis for classification. *State v. Garford Trucking, Inc.*, 4 *N. J.* 346, 72 *A.* 2d 851, 16 *A. L. R.* 2d 1407 (1950).

Appellant's argument with respect to powers relating to minor repairs infecting the entire act are without substance.

The conviction of defendant is sustained.