(No. 35597.—

COMPLETE AUTO TRANSIT INC., Appellee, *vs.* CHARLES F. CARPENTIER, Secretary of State, Appellant.

*Opinion filed May 18, 1960—Rehearing denied September 26, 1960.*

GRENVILLE BEARDSLEY, Attorney General, of Springfield, (SAMUEL H. YOUNG, Special Assistant Attorney General, of counsel,) for appellant.

GIFFIN, WINNING, LINDNER & NEWKIRK, of Springfield, TWEEDIE FISHER, of Jefferson City, Missouri, and MATHESON, DIXON & BRADY, of Detroit, Michigan, for appellee.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Sangamon County which reversed an administrative order of the defendant, Secretary of State, and directed him to enter an order granting plaintiff's application for reciprocity plates for its Missouri registered vehicles. The case relates to revenue.

The plaintiff is a Michigan corporation engaged in the business of transporting new automobiles from the factory to the dealer. It has an exclusive contract with the General Motors Corporation and maintains six terminals near the various assembly plants of that corporation. Two of the terminals are in Michigan, two in Georgia, one in Ohio, and one in Missouri.

In July of 1958 the plaintiff applied for the issuance of Illinois reciprocity plates for some 431 of its Missouri registered truck-tractors, under the provisions of section 3—402(B)(1) of the Illinois Motor Vehicle Law. (Ill.

Rev. Stat. 1957, chap. 95½, par. 3—402(B)(1).) This section provides:

"A nonresident owner, except as otherwise provided in this section, owning any foreign registered vehicle of a type otherwise subject to registration hereunder, may operate or permit the operation of such vehicle within this State without registering such vehicle in, or paying any fees to, this State subject to the condition that such vehicle at all times when operated in this State is operated pursuant to a reciprocity agreement or declaration by this State, and further subject to the condition that such vehicle at all times when operated in this State is duly registered in, and displays upon it, a valid registration card and registration plate or plates issued for such vehicle in the place of residence of such owner, and displays any reciprocity permit or plate which may be required by the Secretary of State, and provided like privileges are afforded to residents of this State by the State of residence of such owner."

The application was denied and plaintiff sought a hearing under the provisions of section 2—117 of the Illinois Motor Vehicle Law. (Ill. Rev. Stat. 1957, chap. 95½, par. 2—117.) The denial of a similar application made in 1959 was also reviewed at the administrative hearing. The defendant affirmed the denial of both applications on the ground that the Missouri registered vehicles were not registered in the State of the owner's residence and for the further reason that there was no reciprocity agreement between the States of Illinois and Missouri. Plaintiff thereupon filed its complaint for judicial review in the circuit court of Sangamon County. The court found that plaintiff had a residence in the State of Missouri during the years in question and that there was a reciprocity agreement in force between the States of Illinois and Missouri during that period.

The principal question is whether plaintiff is a resident of Missouri within the meaning of section 3—402(B)(1).

Four jurisdictions with statutory provisions similar to section 3—402(B)(1) have held that the place of residence of a corporate owner of a motor vehicle is where the corporation is incorporated. (*State* v. *Garford Trucking, Inc.* 4 N.J. 346; *Western Express Co.* v. *Wallace,* 144 Ohio St. 612; *Hilburn* v. *Herrin Transportation Co.* (Tex. Civ. App.), 197 S.W.2d 149; *Transport Rentals, Inc.* v. *Carpenter,* 325 S.W.2d 745.) The Appellate Court of Missouri has also held that the place of residence of a corporate owner of a motor vehicle may be where the principal place of business is located although it is incorporated in another State. (*State* v. *Tustin,* 322 S.W.2d 179.) These and many more cases dealing with various definitions of residence of a corporation have been cited by plaintiff and defendant.

The legislature has, however, in section 1—101 of the Illinois Motor Vehicle Law (Ill. Rev. Stat. 1957, chap. 95½, par. 1—101,) provided that "The following words and phrases when used in this Act shall, for the purpose of this Act, have the meanings respectively ascribed to them in this chapter, except when the context otherwise requires." A resident corporation is defined in section 1—155 (chap. 95½, par. 1—155) as being a corporation incorporated under the laws of the State of Illinois or having its principal place of business in this State. The plaintiff correctly asserts that this definition of which corporations are residents of Illinois does not specifically define a nonresident corporation's place of residence. We are of the opinion nevertheless that this section reveals the legislature's conception of corporate residence as that term is used in the Illinois Motor Vehicle Law.

The plaintiff next contends and the trial court found that a corporation can have more than one principal place of business and that plaintiff has a principal place of business in Missouri. We are of the opinion that the legisla-

ture intended to define but one business location by stating "the principal place of business."

The question of where a corporation's principal place of business is located is necessarily one of fact. The defendant found in the administrative hearing that plaintiff's principal place of business is located in Michigan and this finding is not disputed. Thus, since the plaintiff is not incorporated under the laws of the State of Missouri and does not have its principal place of business in that State, it is not a resident of the State of Missouri within the meaning of section 3—402(B)(1).

It is then argued by the plaintiff that it is entitled to reciprocity plates for its Missouri registered vehicles under a reciprocity agreement between the States of Missouri and Illinois dated November 21, 1943. The agreement provides that any corporation which has its principal place of business in either Illinois or Missouri shall in addition to such persons as fall within the common and legal definition of the word "resident" be deemed a resident of the State in which such principal place of business was so situated. This agreement does not authorize the defendant to grant reciprocity to the plaintiff on its Missouri registered vehicles because the plaintiff's principal place of business, as determined in the administrative hearing, is not located in Missouri.

The judgment of the circuit court of Sangamon County is reversed.

*Judgment reversed.*