STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
GREENTREE TRANSPORTATION CO.,
DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 11, 1988—Decided April 19, 1988.

Before Judges O'BRIEN and STERN.

*Stanford & Bruce,* attorneys for appellant (*Leland A. Stanford* on the brief).

*John Corino,* Cape May County Prosecutor, attorney for respondent (*Antonia Z. Cowan,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

STERN, J.A.D.

Defendant was convicted in the Municipal Court of Upper Township of violating *N.J.S.A.* 39:3-15 and was sentenced to pay a fine of $687.50 and $15.00 in costs. Defendant was again convicted on trial *de novo* in the Law Division where the same sentence was imposed. *N.J.S.A.* 39:3-15 provides, in part, that:

A nonresident owner of any motor vehicle or motor-drawn vehicle which has been registered in accordance with the laws respecting the registration of motor vehicles of the jurisdiction in which the nonresident resides, and which has conspicuously displayed thereon the registration number thereof, may, without complying with the provisions of this subtitle with respect to registration and equipment, operate or permit the operation of such vehicle in this State during such portion of the entire year as the free operation of a similar type of vehicle belonging to a resident of this State and registered in compliance with the laws of this State, and whose registration number is conspicuously displayed thereon, is permitted in the jurisdiction of the nonresident; provided that such vehicle is not:

(a) Used for the transportation of persons for hire, compensation or profit, or

(b) Regularly operated in carrying on business within this State,

(c) Designed, used or maintained primarily for the transportation of property. The foregoing shall not apply to a vehicle leased by an owner engaged in the business of leasing such vehicles.

    \*      \*      \*      \*      \*      \*      \*      \*

Except as otherwise provided by reciprocity agreement or arrangement entered into by the director, or by a declaration issued by him, the privilege of operation in this State of motor vehicles or motor-drawn vehicles belonging to nonresidents extended by this act shall not permit the intrastate operation of any truck, road tractor, truck tractor or trailer and semitrailer of the commercial type, except that a trailer or semitrailer duly registered in another jurisdiction is extended the privilege of intrastate operation when being drawn by a truck, road tractor, or truck tractor registered in accordance with the provisions of Revised Statutes 39:3–20 and provided that the gross weight of the combination of vehicles, including load, does not exceed the maximum weight allowed by the registration certificate of the drawing vehicle registered in this State. The owner or driver of any vehicle used in intrastate operations not permitted by this section shall be subject to fine in accordance with the following schedule:

[Schedule omitted].

Defendant appeals and argues:

Point I

The vehicle leased and operated by Greentree Transportation Company was clearly engaged in interstate commerce on May 14, 1986.

Point II

*N.J.S.A.* 39:3–15 clearly exempts motor vehicles used in interstate commerce from compliance with said Statute.

The critical facts are not in dispute. The commercial vehicle in question was carrying steel pipe from Windsor, New Jersey, to Wildwood, New Jersey. According to the officer who stopped the vehicle: "The Bill of Lading indicated [that the driver] had picked up a load in Windsor, New Jersey and it was to be delivered in Wildwood, New Jersey ... the driver submitted to me a copy of a contract drawn between [defendant] and the registered owner of the vehicle" indicating that defendant, an I.C.C. licensee and Pennsylvania corporation, had leased the truck from a Pennsylvania resident. The vehicle was registered in Pennsylvania. There was no objection to the officer's testimony that there was no permit issued permitting intrastate travel by the vehicle, "... there was no permit, and then I was able to determine that this was done on a regular

basis and that the contract was dated 3/10/86" and that he had "stopped the vehicle other times, and I have been able to determine that it is ... a regular type of business, of transporting this property from Windsor, New Jersey with this same registered out of state vehicle." The summons was issued on May 14, 1986.

Defendant's agent and freight consultant indicated that defendant had a contract to haul piling pipe from U.S. Steel in McKeesport, Pennsylvania to Floor Construction, Inc., in Wildwood. He testified that the steel is transported by rail from the rail siding of defendant's parent corporation in Pennsylvania to Windsor, N.J. It was carried by truck on to Wildwood because "there is no rail siding where it's going." He maintained that the truck was involved in transporting items in interstate commerce and therefore exempt from the registration requirement.

The municipal court concluded "that the statute was intended to provide a regulation for those vehicles which are transporting items within the state from one place to another" and "that the fact that it originated outside the state would not change the character of the operation from one which is purely within the state." The Law Division, while finding defendant guilty, reached a different conclusion, stating:

> While it is true the shipments in question are interstate commerce, that status does not exclude the vehicle from all State regulation. Only when the regulation results in a direct and material or undue burden on interstate commerce is a State prevented from reasonable provisions to exact compensation or insure safety. State vs. Garford, 4 N.J. 346 (1950); Kane vs. State 242 U.S. 160 [37 S.Ct. 30, 61 L.Ed. 222], (1916). The Federal Government has not preempted the field. Hendrick vs. Maryland, 235 U.S. 610 [35 S.Ct. 140, 59 L.Ed. 385], (1914).
>
> The I.C.C. ruling in the E & B Carpet Mills case supports Greentree's contention that the shipments are interstate. However, it does not change the fact that NJSA 39:3-15 and NJSA 39:3-15 a—c require registration for certain classes of vehicles even though they may be engaged with interstate commerce. Reliance upon it is therefore misplaced. The Prosecutor should submit an order.

██ We initially note our agreement with the Municipal Court "that most goods carried by most trucks in intrastate commerce originate somewhere outside of the state's limits" and that a State can require registration of vehicles engaged in the transportation of material from one point in the State to a destination in the same state, even though the shipment originated from out of state. Whether the shipment involved intrastate or interstate commerce depends on its "essential character," *Texas & N.O.R. Co. v. Sabine Tram Co.*, 227 *U.S.* 111, 122, 33 *S.Ct.* 229, 233, 57 *L.Ed.* 442, 447 (1913). The "essential character" of the movement in turn depends on the shipper's intent based on the totality of circumstances, *Baltimore & O.S.W.R. Co. v. Settle*, 260 *U.S.* 166, 170–171, 43 *S.Ct.* 28, 30, 67 *L.Ed.* 189, 192 (1922); *State Corporation Comm'n v. Bartlett & Co., Grain*, 338 *F.*2d 495, 497–98 (10th Cir.1964), *cert.* den. 380 *U.S.* 964, 85 *S.Ct.* 1109, 14 *L.Ed.*2d 154 (1965). Moreover, as the Law Division recognized, even if the "essential character" of the shipment involved interstate commerce, a state can enact reasonable regulations affecting the travel of commercial vehicles. *See, e.g., State v. Garford Trucking, Inc.*, 4 *N.J.* 346, 354 (1950).

The Law Division concluded that the "essential character" of the shipment on defendant's vehicle between two points in New Jersey involved interstate commerce because defendant was responsible for the continuous operation of hauling the piping from Pennsylvania to New Jersey. It rejected the State's argument that only intrastate commerce was involved, but agreed with the State's alternative argument that the exceptions embodied in *N.J.S.A.* 39:3–15 apply and require registration even if interstate commerce is involved. The Law Division relied on *State v. Garford, supra*, which supports that proposition because the same statute was involved.

In *Garford*, the Supreme Court stated:

It does not matter that here the vehicle was engaged in interstate commerce. The regulation does not impose a direct and material burden on interstate commerce. It constitutes a reasonable exercise of the police power for public

safety and order in a field not occupied by the federal authority. *Hendrick v. Maryland*, 235 *U.S.* 610, 35 *S.Ct.* 140, 59 *L.Ed.* 385 (1914). The power of the State to regulate the use of motor vehicles on its highways extends to nonresidents as well as residents and "includes the right to exact reasonable compensation for special facilities afforded as well as reasonable provisions to insure safety." *Kane v. State*, 81 *N.J.L.* 594 (E. & A. 1911); affirmed, 242 *U.S.* 160, 37 *S.Ct.* 30, 61 *L.Ed.* 222 (1916). [4 *N.J.* at 354].

However, the statute was amended several times since *Garford* was decided and the following language was added by L. 1966, c. 209:

The owner or driver of any vehicle used in intrastate operations not permitted by this section shall be deemed to be in violation of Revised Statutes 39:3–4 and subject to the penalties prescribed in said section.

The statute was again amended in 1982 to create a "schedule" of fines to be imposed on "[t]he owner or driver of any vehicle used in intrastate commerce not permitted by this section ..." The statement to A 878, which became L. 1982, c. 217, states that "[t]his amended bill provides for a change in the amount of the fine levied against owners and drivers of trucks registered in another jurisdiction which are used in intrastate commerce within New Jersey." Thus, the amendments to *N.J.S.A.* 39:3–15 since *Garford* was decided make clear that the section applies only to vehicles involved in intrastate commerce.

█ As *Garford* makes clear, a state can regulate interstate shipment of goods so long as there is no undue burden placed on interstate commerce. We are not here dealing with the movement of goods through New Jersey or with the continuous movement of goods from outside the state, to its ultimate destination in the state. Rather, while we are concerned in the broad sense with an interstate shipment and interstate commerce, this case focuses on a shipment exclusively from one point within New Jersey to another point within the State, and with use of the truck for that limited purpose. Whether or not we are dealing with "interstate commerce" for other purposes, this case involves "intrastate commerce" within the meaning of the statute, and the statute does not pose an undue burden on interstate commerce.

The Law Division's conclusion based on the undisputed facts that "the shipment in question is interstate commerce" does not prohibit affirmance. The Law Division's conclusion was not based on fact-finding inconsistent with our conclusion, and, in any event, there was no acquittal, dismissal or disposition on the merits favorable to defendant in the municipal court or on trial *de novo*. *See e.g., United States v. Scott*, 437 *U.S.* 82, 98 *S.Ct.* 2187, 57 *L.Ed.*2d 65 (1978), reh. den. 439 *U.S.* 883, 99 *S.Ct.* 226, 58 *L.Ed.*2d 197 (1978); *Sanabria v. United States*, 437 *U.S.* 54, 98 *S.Ct.* 2170, 57 *L.Ed.*2d 43 (1978); *State v. Barnes*, 84 *N.J.* 362 (1980).

Affirmed.