L. CHARLES WRIGHT, Retired Appellate Judge.
The Alabama Department of Revenue entered two Final Assessments of Motor Vehicle and License Tax against Wiley Sanders Truck Lines, Inc. The first assessment covered the period between October 1,1987, and September 30,1988. The second assessment covered the period between October 1, 1988, and September 30, 1989. Sanders filed notices of appeal from the final assessments in the Circuit Court of Pike County. The appeals were consolidated. Following a trial, the circuit court set aside the final assessments. The department appeals.
Sanders is an Alabama corporation with its headquarters in Troy, Alabama. Wiley Sanders, Jr., serves as chairman of the board. It is an interstate common carrier with operating authority in 48 states and Canada.
During the license tax year 1987-1988, Sanders purchased license plates from the State of Maine for 1,213 trailers. During the license tax year 1988-1989, Sanders purchased license plates from the State of Maine for 979 trailers. Some of the trailers were registered by Whey Sanders, individually. Other trailers were registered by the corporation. The trailer tags issued by Maine expired at the end of eight years. Each tag cost ten dollars per year. During the same period, Alabama tags were good for only one year, and cost twenty dollars.
Prior to registering its trailers in Maine, Sanders had previously registered its trailers in Alabama. All of the trailers included in the two final assessments had been titled by Sanders in Alabama.
Driscoll Colquett, an employee of Sanders in charge of trailer registration, testified that the sole reason Sanders registered its trailers in Maine was because Alabama did not have a multi-year tag available and the physical job of tagging 1,200 trailers in a 60-day period was expensive. He testified that since Alabama has started offering a five-year tag, every new trailer purchased by Sanders has been registered in Alabama.
The record reflects that Sanders entered into a business relationship with a Maine corporation known as the Mary Staab Agency. The agency was primarily formed to facilitate the registration of out-of-state corporations with the State of Maine. There was testimony that the main function of the agency was to provide a front for out-of-state truckers to say they maintained a place of business in the State of Maine.
*637 During the period covered by the final assessments, Maine was not a member of the Multistate Reciprocity Agreement or the International Registration Plan. During that period the only agreement in effect between Alabama and Maine relating to a reciprocal recognition of motor vehicle licensing laws was a “Reciprocity Agreement by Exchange of Letters between the State of Alabama and the State of Maine.” The agreement was entered into on August 17, 1956, and August 20, 1956, respectively. The agreement remained in force until April 1992.
The letter from Alabama, initiating the agreement, provides in pertinent part the following:
“This is to advise that Alabama is willing to offer reciprocity on motor vehicle registration fees to citizens of Maine operating into and through this State in Interstate commerce, properly registered in the State of Maine, if like privileges are granted to Alabama citizens operating in the State of Maine.”
Maine responded in the following manner:
“I am pleased to say that Maine will gladly grant to owners and operators of motor vehicles registered in your state the privilege of operating into and thru Maine in interstate commerce without the requirement of registration fees....
“With the exchange of these letters we in Maine will consider that we are in reciprocal relations with Alabama in reference to the interstate operation without registration fee of the vehicles properly registered in our respective states.”
Sanders contends that the final assessments are incorrect because its trailers were “properly registered” in the State of Maine and, therefore, in accordance with the bilateral agreement, Alabama was required to accept the Maine tags without further registration fees.
The department contends that the reciprocity agreement only extends to those “citizens” of Maine who travel through Alabama in interstate commerce. It is the department’s position that Sanders does not qualify for such recognition.
The trial court determined that Sanders’s trailers were “properly registered” in the State of Maine and that Sanders was a “citizen” of Maine for that “limited purpose.” It found that under the terms of the agreement Sanders was exempt from paying the Alabama assessments.
No Alabama eases have been cited to us, and there are very few cases from other jurisdictions dealing with this particular fact situation. Complete Auto Transit, Inc. v. Carpenter, 19 Ill.2d 551, 169 N.E.2d 78 (1960); New Jersey v. Garford Trucking, Inc., 4 N.J. 346, 72 A.2d 851 (1950); D.C. Hall Co. v. State Highway Commission, 330 S.W.2d 904 (Tex.Ct.App.1960). There is a void in this area of the law because, with the exception of Maine and one other state, all other states are members of either the Multi-state Reciprocity Agreement or the International Registration Plan. All other jurisdictions would resolve this dispute by using the “base plate jurisdiction” test. Our resolution, however, can only be made by interpreting the 1956 bilateral agreement and applying that interpretation to the undisputed material facts presented.
The terms of the agreement are clear and simple. Essentially, it provides that one of the contracting states gives to the residents/citizens of the other exemption from the payment of vehicle registration fees, on condition that its own residents/citizens shall enjoy similar exemption at the hands of the other.
As we view it, the dispositive issue here is whether Sanders can properly be considered a “citizen” of Maine (or a nonresident of Alabama) for purposes of availing itself of the Alabama exemption. We think not.
Sanders was incorporated under the laws of this state and has its headquarters in this state. Sanders does not deny that it is a citizen/resident of this state. It, however, contends that it is also a citizen/resident of Maine.
“ ‘A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter; but it may by its agents transact *638 business anywhere unless prohibited by its charter or excluded by local laws.’”
Garford Trucking (quoting Ex parte Schollenberger, 96 U.S. (6 Otto) 369, 24 L.Ed. 853 (1878)). Corporations do not change their citizenship by doing business away from their legal residence. They “ ‘simply extend the field of their operations. They reside at home, but do business abroad.’” Garford Trucking (quoting Baltimore & Ohio R.R. v. Koontz, 104 U.S. (14 Otto) 5, 26 L.Ed. 643 (1881)).
Sanders, either individually or corporately, is not a citizen/resident of the State of Maine, and we find no basis whatsoever to support the contrary finding of the trial court.
We find the trial court’s interpretation of the agreement and its application of that interpretation to the facts to be somewhat convoluted and not premised on the clear purpose of the agreement. The purpose of the agreement was not to effect a change in the relationship between one of the contracting states and its own residents. The agreement was not meant to exempt the contracting state’s residents from compliance with that state’s own internal laws.
We find Sanders, individually and corporately, to be a bona fide resident/citizen of the State of Alabama. We hold that, as such, it may not claim exemption from the payment of the registration fees imposed by § 40-12-252, Code 1975.
The judgment of the trial court is reversed. The case is remanded for the court to reinstate the final assessments.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.