STATE, Appellant, vs. PETROLEUM TRANSPORT, INC.,
Respondent.

*November 9—December 4, 1951.*

For the appellant there were briefs by the *Attorney General, Stewart G. Honeck,* deputy attorney general, *William J. McCauley,* district attorney of Milwaukee county, and *Ben J. Wiener,* assistant district attorney, and oral argument by *Mr. Honeck, Mr. William A. Platz,* assistant attorney general, and *Mr. Wiener.*

*John Falk Murphy* and *Philip H. Porter,* both of Madison, for the respondent.

FRITZ, C. J.   The complaint charges the defendant, Petroleum Transport, Inc. (hereinafter referred to as "Transport"), with violating secs. 85.01 and 194.48, Stats., by unlawfully operating on April 27, 1950, a tractor and trailer upon a public highway in this state, without having registered the tractor and trailer as a contract carrier with the motor vehicle department of Wisconsin; without having received from said department a distinguishing number; and without having paid to the department the tax on such operation, contrary to the statute in such case made and provided.   Transport is a Wisconsin corporation, organized under the laws of this state, and is engaged in transporting petroleum products for hire in interstate commerce between East Chicago, Indiana, and various points in Illinois and Wisconsin.

Sec. 85.01, Stats., provides:

"85.01 AUTO REGISTRATION.   (1) *Required; manner of enforcement.*   No automobile, motor truck, motor delivery wagon, bus, motor cycle, or other similar motor vehicle or trailer or semitrailer used in connection therewith, *shall be operated upon any highway unless the same shall have been registered in the office of the motor vehicle department, and the registration fee paid.* . . . The absence of number plates shall be *prima facie* evidence that the vehicle is not registered. . . ."

Sec. 194.48, Stats., provides:

"194.48 *Weight tax on motor carriers.*   (1) No motor carrier shall operate, or cause to be operated, on the highways of this state a motor vehicle otherwise than as described in section 194.47 *unless there shall have been paid to the motor vehicle department the tax on such vehicle* provided by this section or by section 194.49, and unless there shall be on such vehicle such evidence of such payment as the motor vehicle department may require. . . ."

Frank J. Miller, a resident of Illinois, owned two trucks and leased them to Transport for transporting petroleum from Indiana to Wisconsin in interstate commerce. The defense in the action was based on the reciprocity compact between Illinois and Wisconsin, entered into pursuant to sec. 85.05 (2) (d), Stats.; and the question as to whether the reciprocity compact applies depends on whether Miller or Transport was the operator of the truck.

With respect to requirements of sec. 194.48, Stats. (weight tax on motor carriers), there are applicable the decisions in *Cobb v. Harrington,* 144 Tex. 360, 190 S. W. (2d) 709, 172 A. L. R. 837; and *Thomson v. United States,* 321 U. S. 19, 64 Sup. Ct. 392, 88 L. Ed. 513. Transport is the operator, because it had the I. C. C. license, issued the bills of lading, had all dealings with the customer whose freight was transported, and had the right to control the driver of the truck, whether it was Miller himself, or one of his employees.

On the other hand, Miller had no operating authority from the I. C. C. or from the Wisconsin public service commission; he did not register or license the vehicle under sec. 85.01, Stats.; and he did not file a policy of insurance with the motor vehicle department in compliance with sec. 194.41, Stats.; and neither Miller nor Transport paid the weight tax imposed by sec. 194.48, Stats.

The exemption under the reciprocity compact is strictly construed and not transferable. Transport was a Wisconsin corporation and could not avoid the weight tax by hiring, or leasing, motor trucks or trailers owned by a nonresident.

Under sec. 85.01, Stats., the physical operation of the truck in violation thereof is all that is required; Miller was the operator so far as that statute is concerned.

*By the Court.*—Judgment reversed so far as it acquitted Transport from having violated sec. 194.48, Stats., and cause remanded for further proceedings.