STATE, Respondent v. SORENSON, Appellant

(83 N.W.2d 912)

(File No. 9585.   Opinion filed June 25, 1957)

**Stordahl, May & Boe,** Sioux Falls, **Frank E. Henderson,** Rapid City, for Defendant and Appellant.

**Phil Saunders,** Atty. Gen., **Walter Mueller,** Asst. Atty. Gen., **Robert W. Gunderson,** State's Atty., Rapid City, for Plaintiff and Respondent.

RENTTO, J.   The defendant was charged with operating a truck on the highways of this state without a South Dakota license or compensation plates.   His sole defense was that the vehicle was exempt from such requirements because of reciprocity arrangements between this state and the State of Minnesota made pursuant to SDC Supp. 44.0432.   A jury having been waived he was tried by the Municipal Court of Rapid City and found guilty on both counts.   He appeals from the judgment entered thereon.

At the time of his arrest the defendant, a resident of Sioux Falls, South Dakota, was driving a truck which the evidence describes only as a Mack tractor.   It was owned by Clarence Luders, also a resident of Sioux Falls, and was leased for a term of 18 months to Midwest Coast Transport, Inc., by whom the defendant was employed.   Midwest is incorporated in Minnesota and is authorized to do business in South Dakota as a foreign corporation.   It has an office in Minneapolis, which is designated its principal office and business offices at Seattle and Yakima, Washington; Oakland, California; and Sioux Falls, South Dakota.   One function of these business offices is to look after the dispatching of equipment.

Midwest's transportation business is exclusively interstate in character.   In the main it consists of hauling pack-

ing-house products from this and adjoining states to the west coast. On return trips it carries fruits and vegetables from that region to this area. When arrested near Rapid City, defendant was transporting a load of packing-house products which had been loaded at the John Morrell plant in Sioux Falls. Its destination was Portland, Oregon. On the haul in question the equipment did not travel in the state of Minnesota. Apparently the truck involved was kept at Sioux Falls. It was fully registered, licensed and compensated by Midwest in the state of Minnesota. The claim of reciprocal exemption is bottomed on the proposition that Midwest, the operator of the vehicle in question, being a Minnesota corporation is a resident of that state.

Our reciprocity law, SDC Supp. 44.0432 is as follows:

"The state of South Dakota hereby declares it to be its policy to grant to nonresidents of the state of South Dakota whose motor vehicle, trailer, or semitrailer is properly registered or licensed in a state or territory of the United States or the District of Columbia, while engaged in interstate commerce in the state of South Dakota, provided such nonresidents do not operate legally for hire between fixed termini in South Dakota, exemptions from the payment of license fees, registration fees, permit or other motor vehicle fees or taxes or compensation for the unusual use of the highways or the display of registration numbers, compensation permits, or other numbers or permits on motor vehicles, trailers, or semitrailers, to the same extent that the residents of the state of South Dakota, while engaged in interstate commerce, are granted exemptions from the payment of license, registration, compensation, permit, or other motor vehicle fees or taxes for the use of the highways or the display of registration numbers, compensation permits or other numbers or permits on motor vehicles, trailers, or semitrailers by any state or territory of the United States or the District of Columbia in which the motor vehicle of such nonresident is registered or licensed.

"The State Highway Commission shall have power to make with the responsibile authorities of the other states and territories of the United States and of the District of Columbia whatever reciprocal agreements are necessary to carry out the policy declared in the preceding section, not-

withstanding the statutes of this state providing for the collection of license fees, registration fees, permit fees, or other motor vehicle fees or taxes or compensation for the unusual use of the highways, or for the display of registration numbers, compensation permits, or other numbers or permits on motor vehicles, trailers, or semitrailers, or the use or operation thereof, and the said Commission may do all things necessary or required to negotiate and perfect reciprocal agreements between the various states and territories of the United States and the District of Columbia granting the exemptions described herein, for the purpose of securing exemptions and privileges for citizens of this state operating motor vehicles in other states and territories of the United States and the District of Columbia."

Pursuant to power granted therein our Highway Commission on September 1st, 1953, entered into this agreement with the responsible authorities of the state of Minnesota.

"The State of South Dakota, acting through its State Highway Commission and under the authority granted by Section 44.0432 of the 1952 Supplement to the South Dakota Code of 1939, does hereby grant to residents of the State of Minnesota owning and operating motor vehicles, trailers or semi-trailers, engaged in interstate commerce between South Dakota and Minnesota, which vehicles are properly and fully registered, licensed and compensated in Minnesota, the right to operate said vehicle or vehicles in interstate commerce in the State of South Dakota without payment of license fees, registration fees, permit or other motor vehicle fees or taxes, or compensation for the unusual use of the highways of South Dakota, or displaying registration numbers, compensation, permit plates or other numbers or permits on motor vehicles, trailers, or semi-trailers otherwise required by South Dakota, provided the State of Minnesota assents to this Proposal and gives a like exemption to South Dakota residents owning or operating motor vehicles, trailers or semi-trailers in interstate traffic and signifies its exemption as to South Dakota motor vehicles, trailers and semi-trailers by signing through its authorized officers an Acceptance and Approval of this proposal.

"Nothing in this Proposal and Agreement contained shall be understood to interfere with the

rights of the respective States to enforce the laws relating to weight and traffic regulations. This Proposal and Agreement is not intended to and does not apply to passengers automobiles.

"The parties hereto may abrogate this Agreement at any time on thirty (30) days notice, same to be written notice."

■ The trial court held that the vehicle defendant was operating was not exempt because the reciprocity agreement applied only when the transportation involved was between the State of Minnesota and the State of South Dakota. Defendant points out that wording of the agreement is more restrictive than the declared policy of our Legislature and claims that his equipment was within the broader exempt classification of the statute engaged in interstate commerce in the State of South Dakota. However, in this connection it must be observed that while our statute declares a broad policy, it also provides that the exemption granted by South Dakota shall be only to the same extent that exemption is granted by the other state to residents of South Dakoa. The extent of this as a limitation on the broad policy of our statute is determined by the laws of the other state and the interpretations thereof made by its administrative agency. Reeves v. Deisenroth, 288, Ky.724, 157 S.W.2d 331, 138 A.L.R. 1493; Bode v. Barrett, 412 Ill. 204, 106 N.E.2d 521. Accordingly it does not follow that the exemption conferred by the agreement must be as broad as the policy declared in our statute.

■ Our reciprocity statute is not self-executing. In the first paragraph the Legislature sets out the general policy concerning the granting of exemption. The second paragraph provides the administrative means and power to effectuate the declared policy. Until an agreement is entered into no reciprocal exemption is available to anyone under our statute. It is only after an agreement is made that any exemption is available and its extent is spelled out by the terms thereof.

One of the leading cases concerning statutes similar to ours and the agreements made thereunder is Interstate Trucking Company v. Dammann, 208 Wis. 116, 241 N.W. 625, 629, 82 A.L.R. 1080. It is there written that:

"* * * the statute may rightly be held to contemplate the ascertainment by the respective responsible officers of the existence and scope of reciprocal legislation, and of the conditions prescribed by the Legislature to render the same effective; and that, when the existence of such legislation and the scope thereof have been determined by such officers, then, in furtherance of the legislative authorization, and within the limitations and standard prescribed thereby, the responsible officer shall conclude an arrangement or agreement, which will officially evidence or certify to conformance with such legislative standard, and the resulting reciprocity for which the Legislature provided."

■ If defendant's position is well taken Midwest could station Minnesota registered and compensated trucks in South Dakota, and so long as they were engaged only in interstate commerce, secure exemption from compensation and other fees in this state even though they never used the highways of Minnesota. These trucks would be doing a regular business in this state without paying the charges required of our own citizens engaged in similar activity. It has been declared that such discrimination is unconstitutional. Reeves v. Deisenroth, supra. The compensation paid by them for the use of the highway would all be paid to Minnesota whose highways they were not using, and nothing to South Dakota whose highways they had chosen to burden. As we see it by this agreement it was intended to limit the exemption to interstate transportation that used the highways of both contracting states.

■■ The quoted agreement is the only one between South Dakota and Minnesota concerning reciprocal exemption from payment of license and compensation fees. The exemption granted thereunder must be strictly construed, State v. Petroleum Transport, Inc., 260 Wis. 310, 50 N.W.2d 465, unless to do so would result in an unreasonable or strained construction. State ex rel. Eveland v. Erickson, 44 S.D. 63, 182 N.W. 315, 13 A.L.R. 1189; State ex rel. Bottum v. Knudtson, 65 S.D. 547, 276 N.W. 150. Under it the "said vehicle or vehicles" to which reciprocal exemption is extended are vehicles "engaged in interstate commerce between South Dakota and Minnesota". South Dakota

grants them exemption while they are so engaged on that portion of the transportation which is "in interstate commerce in the state of South Dakota". Since defendant's vehicle was not engaged in interstate commerce between South Dakota and Minnesota he did not have the right to operate it in South Dakota, even though it was in interstate commerce, without payment of our license or compensation fees.

Affirmed.

RUDOLPH and HANSON, JJ., concur.

SMITH, P. J., and ROBERTS, J., concur in result.