STATE of Missouri, Respondent,

v.

Herbert Christian LAURIDSEN, Appellant.

STATE of Missouri, Respondent,

v.

Michael Robert GRINCHUK, Appellant.

STATE of Missouri, Respondent,

v.

Wayne Herbert BREWER, Appellant.

STATE of Missouri, Respondent,

v.

Ralph William BIRD, Appellant.

No. 22864.

Kansas City Court of Appeals. Missouri.

Dec. 1, 1958.

Louis Kranitz and Theodore M. Kranitz, St. Joseph, for appellants.

John M. Dalton, Atty. Gen., and Fred L. Howard, Asst. Atty. Gen., Melvin E. Griffin, Pros. Atty., Cameron, for respondent.

CAVE, Judge.

The prosecuting attorney of Clinton County filed separate informations charging each of the defendants with violating Section 301.270 RSMo 1949 V.A.M.S by operating a tractor and trailer unit in Missouri; that said units were owned by Watson Bros. Transportation Co., a corporation, duly organized and existing under the laws of the State of Nebraska; and that said units were neither registered and licensed in the State of Nebraska nor in the State of Missouri, as required by said section.

The informations were identical except as to dates. The facts were stipulated. A jury was waived, and the charges submitted to the court. Each defendant was found guilty as charged and fined $25 and costs. The judgments were rendered on May 17, 1957; a motion for new trial in each case was filed May 22d, which motions were overruled August 16th, and notices of appeal were filed August 17, 1957. The appeals were taken to the supreme court on the theory that a constitutional question and the revenue laws were in issue. While pending in that court, the cases were ordered consolidated for the purpose of using one transcript and one brief because the facts and issues were the same in each case. In due time, the supreme court transferred the cases to this court because

of lack of jurisdiction in the supreme court. 312 S.W.2d 140.

The four cases will be disposed of by one opinion.

■ We are immediately confronted with the contention of the state that the appeals were not taken within the time required by certain statutes and rules of criminal procedure. If this contention be correct, then we have no jurisdiction and the appeals must be dismissed. State v. Smith, Mo., 242 S.W.2d 515; State v. Robbins, Mo., 269 S.W.2d 27.

As stated supra, the judgment of conviction in each case recites that it was rendered on May 17, 1957; the record also discloses that a motion for new trial in each case was filed May 22d; that said motions were overruled August 16th, and the notices of appeal were filed August 17th.

■ The state contends that the motions for new trial are a nullity because they were not filed *before judgment,* as required by Supreme Court Rule 27.20, 42 V.A.M.S.; and for this reason, the time for filing notices of appeal was not extended to the date said motions were overruled, and thus the notices of appeal were filed out of time.

Rule 27.20 requires, among other things, that a motion for new trial in a criminal case "shall be filed *before judgment* and within ten days after the return of the verdict:", unless further time is extended by order of the court, which was not done in these cases. This rule is the same as Section 547.030, except that the statute requires the motion to be filed within 4 days, and the rule has extended the time to 10 days, after verdict; and also permits the court to extend the time "an additional" 30 days if requested by a defendant.

The decisions construing this statute, which has been in effect for decades, uniformly hold that the requirement that a motion for new trial in a criminal case be filed *"before judgment"* is *mandatory* and if the motion is filed *after judgment* it preserves no matter of exception for review, because

it is a nullity. State v. Loyd, Mo., 233 S.W. 2d 658; State v. Benny, Mo., 256 S.W. 461; and State v. McSame, Mo., 267 S.W. 888. Since Rule 27.20 retains the provision, *that a motion for new trial must be filed before judgment,* it must be given the same construction that has consistently been given Section 547.030. It follows that the motions for new trial were not timely filed, and are of no aid in determining the time within which notices of appeal should have been filed.

We now consider whether the notices of appeal were filed within the time required by the rules of criminal procedure, which were adopted by the supreme court and became effective January 1, 1953. This question was fully discussed in the recent cases of State v. Robbins, supra, and State v. Ninemires, Mo., 306 S.W.2d 527, and we will not review the rules in detail. The effect of the holding in the Robbins case is that appeals in criminal cases from and after January 1, 1953, shall be governed by the provisions of Rules 28.01 to 28.17; that Rule 28.03 provides that an appeal shall be taken by filing the notice of appeal in the same manner and within the same time after final judgment as provided for civil cases; that Section 512.050, dealing with notices of appeal in civil cases, provides that no such appeal shall be effective unless the notice of appeal shall be filed not later than 10 days after the judgment or order appealed from becomes final; that the timely filing of a notice of appeal is "the vital step" for perfecting an appeal and is necessary to invoke appellate jurisdiction; and that if the record shows that the notice of appeal was not timely filed, the court has no recourse but to say so, no matter how greatly it may be disposed to give a liberal construction to rules and statutes affecting appellate practice and procedure.

In the instant cases, the notices of appeal were not filed until 90 days after judgment, and there were no timely motions for new trial pending during that period. Consequently, the notices of appeal were not filed within the required time.

It should also be noted that in the Robbins case, the court held that Rule 28.07 provides for appeal by *special order* of the appropriate appellate court, "for reasonable cause shown", within *twelve months* from the date of final judgment. This rule is the counterpart of Section 512.060, which authorizes an appeal by a special order in civil cases if applied for within *six months* after final judgment. However, Rule 28.07 will not aid the defendants in the instant cases, because no application for special order was made within the prescribed time.

In State v. Ninemires, supra, the court discusses another facet of an appeal in a criminal case. It refers to Rule 28.03, which, among other things, provides that an appeal from a criminal case shall be taken in the same manner and within the same time after final judgment as provided in civil cases; and that Section 512.050 requires, in a civil case, that notice of appeal shall be filed not later than 10 days after the judgment or order appealed from becomes final. However, it calls attention to the fact that Rule 3.24 (civil cases), provides that for the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of 30 days after the entry of such judgment, "if no timely motion for a new trial is filed"; and holds that if no timely motion for a new trial is filed in a criminal case, the judgment becomes final within 30 days after rendition, and the defendant may file notice of appeal within 10 days thereafter. However, this opinion is of no aid to the defendants because their notices of appeal were not filed within the time permitted by this rule.

We are forced to the conclusion that the notices of appeal were not timely filed; that we have no jurisdiction to decide any issues presented in the briefs; and that the appeals must be dismissed. State v. Robbins, supra; State v. Smith, supra. In addition, see the more recent cases of State v. Parker, Mo., 310 S.W.2d 923; and State v. Morrow, Mo., 316 S.W.2d 527.

It follows that the appeal in each of these four cases should be and is hereby dismissed.

All concur.

MAUGHMER, C., not participating.