**STATE of Missouri, Respondent,**

**v.**

**Louis Dahl BRUNOW, Appellant.**

**No. 22864.**

Kansas City Court of Appeals.
Missouri.

Dec. 1, 1958.

Louis Kranitz, Theodore M. Kranitz, St. Joseph, for appellant.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., and Frank D. Connett, Jr., Pros. Atty., St. Joseph, for respondent.

**CAVE, Judge.**

This is a companion case to the four cases of State v. Lauridsen-Grinchuk-Brewer and Bird, which were disposed of by an opinion handed down concurrently herewith, in which four cases the appeals were dismissed for the reasons assigned, Mo.App., 318 S.W.2d 511. However, in this Brunow case, the appeal has been properly taken because the motion for new trial was filed *before judgment,* and the notice of appeal was filed within the required time. Consequently this case must be decided on the merits.

The prosecuting attorney of Buchanan County filed an information charging defendant Brunow with violating Section 301.270 (statutory references are to RSMo and V.A.M.S., 1949), by operating an International tractor-trailer unit upon the public highways in Buchanan County "without first having had said motor vehicle * * * registered and licensed either in the State of Nebraska, or in the State of Missouri; * * *" that said motor vehicle was owned by Watson Bros. Van Lines & Heavy Hauling Co., Inc., a corporation, duly organized and existing under the laws of the State of Nebraska.

A jury was waived and the cause was submitted to the court on stipulated facts. The court found the defendant guilty and fixed his punishment at a fine of $25 and costs. Appeal was perfected to the supreme court on the theory that the construction of the revenue laws was involved, and also construction of the Constitution of the United States and of this state was involved. The supreme court held that such questions were not in issue and transferred the cause to this court, Mo.Sup., 312 S.W.2d 140. Consequently several of the points discussed in the briefs need not be considered by this court. The offense charged is a misdemeanor and the punishment is fixed by Section 301.440.

It will be noted that the defendant is charged with operating a tractor unit in Missouri without having had the same registered and licensed in either Nebraska or Missouri. As will appear hereafter, Missouri had entered into reciprocal agreements relative to motor vehicles of this type, with the states of Nebraska and Iowa; and that the vehicle being operated by the defendant at the time of his arrest was owned by Watson Bros. Van Lines and Heavy Hauling Co., Inc., a corporation organized under the laws of Nebraska. It is conceded that the motor vehicle is required to be licensed either in this state *or the state of the owner's residence.* The principal fact issue is which state (Nebraska or Iowa), is the state of the *owner's residence* within the provisions of the reciprocal agreement with Iowa.

We will quote at length from the stipulated facts and the reciprocal agreement with Iowa, since that is the agreement of interest in this case.

The essential facts stipulated are: (All italics supplied.)

"II

"That there exists in *full force and effect,* a reciprocity agreement between the State of Missouri and the State of Iowa; and there also exists in full force and effect, a reciprocity agreement between the State of Missouri and the State of Nebraska; that Exhibits A and B, attached hereto, are true and correct copies of said reciprocity agreements, *which same were and are valid and binding, and in full force and effect at the time of the arrest of defendant herein,* * * *.

"III

"That defendant is employed by and is the operator of over-the-road equipment of Watson Bros. Van Lines & Heavy Hauling Co., Inc.; that said company is a Nebraska corporation, the owner of numerous vehicles, and was * * * the owner of a certain tractor * * * operated by defendant, its agent, servant, and employee.

## "IV

"That said Watson Bros. * * * is *recognized as having a principal place of business or office located in the State of Iowa;* and that said company and defendant were in full compliance with all of the requirements of said Exhibit A, except as to the matters specifically in issue herein, wherein defendant contends himself to have been in compliance and plaintiff contends him to have been in violation.

## "V

"That at the time of arrest, defendant was operating in interstate commerce between points in Iowa and St. Joseph, Missouri; and that said tractor and trailer were *duly and regularly registered in and bore current and valid license plates showing registration of said equipment by the State of Iowa,* but said tractor was not licensed or registered in either the State of Missouri or the State of Nebraska.

## "VI

"That said corporation owns, maintains, and operates permanent terminal or dock facilities in the States of Nebraska, Iowa, and Missouri, or leases the same; that the tractor operated by defendant as aforesaid was and is maintained at and operated from a terminal in Des Moines, Iowa; *and that said corporation has established a bona fide principal place of business in the State of Iowa.*

## "VII

"That on or about the 25th day of May, 1957, said corporation dispatched the said equipment, operated as aforesaid by defendant, over a route the termini of which were Des Moines, Iowa, on the one hand, and St. Joseph, Missouri, on the other; that upon the arrival of defendant in Buchanan County, Missouri, he was arrested and charged with failing to secure proper licensing or registration on said tractor, and violating the law thereby."

The reciprocal agreement was executed on behalf of Missouri by the Public Service Commission and the Director of the Department of Revenue.

It is clear from the stipulation that the state has unequivocally agreed that the reciprocal agreement between Missouri and Iowa is *in full force and effect and was and is valid and binding* at the time of the arrest of defendant. In the face of this stipulation and agreement, we are not called upon or permitted to decide whether the Missouri Public Service Commission and the Director of the Department of Revenue had authority to execute the reciprocal agreement; and we do not decide that question. It is a fact agreed to.

The pertinent provisions of the reciprocal agreement with Iowa relative to the instant case, are: "That all motor vehicles, trailers and semi-trailers owned or operated by residents of either state shall be exempted in the state of non-residence from the payment of *any and all fees and taxes* except motor vehicle fuel taxes levied by such state; * * *. The fees and taxes from which said owners or operators shall be exempt in the state of non-residence *shall include any and all taxes or fees,* except motor vehicle fuel tax, *of whatsoever nature or description* which may be levied or imposed by reason of the operation of such motor vehicle, trailers or semi-trailers on the highways of the reciprocating state; * * *. This agreement shall only apply to *bona fide residents, as herein defined,* of the contracting states, and no non-resident of Missouri and no non-resident of Iowa shall avail themselves of the benefits of this agreement by the *licensing* of vehicles in either state without having been a *bona fide resident* thereof; * * *. The terms 'residence' and 'resident' when used in this agreement, means the state or legal residence of any person, firm, partnership, or corporation, claiming reciprocal privileges pursuant to this agreement. *In addition, said terms shall include a state in which any such person, firm, partnership, or corporation has established a bona fide principal place of business which is recognized as such by the appro-*

*priate regulatory body of the state extending reciprocal privileges. * * *"* (Italics supplied.)

The fundamental question to be decided, in arriving at the innocence or guilt of the defendant, is whether Watson Bros. Van Lines & Heavy Hauling Co., Inc., can be considered a *resident* of the State of Iowa within the provisions of the reciprocal agreement.

Much is said in the briefs about the legal residence of a corporation being in the state of its incorporation. Generally speaking, that is true. But this reciprocal agreement *defines* what shall be considered "residence"; and specifically provides it shall "include a state in which any such person, firm, partnership, or corporation has established a bona fide principal place of business which is recognized as such by the appropriate regulatory body of the state extending reciprocal privileges". When we turn to the stipulation of facts, we find it is agreed that "Watson Bros. Inc. is recognized as having a principal place of business or office located in the State of Iowa; and that said company and defendant were in full compliance with all of the requirements of said Exhibit A (reciprocal agreement) * * *; that said tractor and trailer were duly and regularly registered in and bore current and valid license plates showing registration of said equipment by the State of Iowa; * * * that the tractor operated by the defendant as aforesaid was and is maintained at and operated from a terminal in Des Moines, Iowa; *and that said corporation has established a bona fide principal place of business in the State of Iowa."*

■ Reading the stipulated facts in connection with the reciprocal agreement, it clearly appears that Watson Bros. Inc., was a *"resident"* of the state of Iowa within the definition set out in the reciprocal agreement; and that the truck operated by the defendant had been regularly "registered in and bore current and valid license plates showing registration of said equipment by the State of Iowa, * * *".

■■ However, the state contends that the only statutory authority for reciprocity agreements between Missouri and other states is found in Section 386.220; and that a proper construction of this statute limits the authority of the Public Service Commission to exempt only the commission's fees and licenses specified in what is now Section 390.136 R.S.1957 Supplement. In view of the agreed facts in the instant case, we do not believe the state is in a position to now contend for any such limited authority of the commission. This for the reason, as noted above, it is stipulated that the reciprocal agreement is in full force and effect and is valid and binding on the state as well as the defendant; and that the reciprocal agreement provides that a *resident of Iowa* "shall be exempted * * * from the payment of any and all fees and taxes except motor vehicle fuel taxes * * *. The fees and taxes from which said owners or operators shall be exempt * * * shall include any and all taxes, or fees, except motor vehicle fuel tax, of whatsoever nature or description which may be levied or imposed by reason of the operation of such motor vehicle, * * * on the highways of the reciprocating state * * *." This language is broad and all-inclusive, and we think it clearly includes any license or registration fees which Missouri has imposed for the privilege of operating a motor vehicle of the kind under consideration on the highways of this state.

Whether the defendant is guilty in the instant case must be determined on the stipulated facts. Based on such agreed facts, it is our conclusion that the motor vehicle operated by the defendant comes within the exemptions of the reciprocal agreement and he was not guilty of the offense charged.

It follows that the judgment of conviction is reversed and the defendant is discharged.

All concur.