TRANSPORT RENTALS, INC., a Corporation, and Neptune Storage, Inc., a Corporation, Appellants,

v.

Milton CARPENTER, Director of Revenue, State of Missouri, Hugh Waggoner, Superintendent of the Missouri State Highway Patrol, John M. Dalton, Attorney General of the State of Missouri, and State Highway Commission of Missouri, Respondents.

No. 47013.

Supreme Court of Missouri,

Division No. 2.

July 13, 1959.

Harry Schaffer, Newark; N. J., W. C. Whitlow, Fulton, and Green, Hennings, Henry & Evans and John R. Green, II, St. Louis, for appellants.

Robert L. Hyder, Ralph H. Duggins, Jefferson City, for State Highway Commission.

BOHLING, Commissioner.

■ This is a declaratory judgment action by Transport Rentals, Inc. (hereinafter referred to as Transport), and Neptune Storage, Inc. (hereinafter referred to as Neptune), corporations, against officials charged with the administration and enforcement of motor vehicle registration in the State of Missouri—the Director of Revenue, the Superintendent of the Missouri State Highway Patrol, the Attorney General, and the State Highway Commission of Missouri—to determine whether certain motor vehicles operated in the State by Neptune were subject to the payment of Missouri registration fees, and further relief. The action was occasioned by the arrest in 1957 of several employees of Neptune for operating said motor vehicles on the highways of this State without Missouri registration plates. The trial court found in favor of the defendants, and plaintiffs have appealed. We have appellate jurisdiction because the case directly involves the construction of a revenue law and state officers are parties. Mo.Const., Art. V, § 3, V.A.M.S.; State ex rel. McClung v. Becker, 288 Mo. 607, 233 S.W. 54 [1].

The case was submitted on a stipulation of facts, which need not be quoted. The facts essential to a determination of the issues presented follow.

Neptune is incorporated under the laws of the State of New York, and operates motor vehicles as a common carrier in commerce among a number of states, including Missouri, under a certificate issued by the Interstate Commerce Commission. Webster Rentals, Inc. (hereinafter referred to as Webster), is incorporated under the laws of the State of New York. Transport is incorporated under the laws of the State of New Jersey. Neptune and Webster each has its office and principal place of business in New York. Transport has its office and principal place of business in New Jersey. Transport purchased a number of motor vehicles from Webster in 1956. Transport was not engaged in any trucking activity at the time here involved and leased its equipment to Neptune at a monthly rental, which lease was attached to and made a part of plaintiffs' petition. The lease provides: "(T)he Lessor shall cause each vehicle to be duly registered to comply with the traffic laws in effect in the State of New Jersey. All other registrations and licenses shall be for the account of the Lessee and its responsibility." Transport is the holder of the legal and equitable title to the vehicles here involved, furnishes garage space for the vehicles in New Jersey, and obtained and paid for the New Jersey registration of all trucking equipment leased by it to Neptune, all as required by the lease. The lease confers no right upon Neptune to purchase any of these vehicles from Transport. Neptune operates seventy-five pieces of equipment in New York which are not leased from Transport and which are registered in New York in the name of Neptune. Neither Neptune nor Transport has qualified to do business in the State of Missouri.

The motor vehicles involved displayed the then current registration plates of New Jersey, the place of residence of Transport. They were not registered in New York, the place of residence of Neptune. The principal question for determination is whether the Missouri reciprocity statutory provisions, quoted infra, apply to said motor vehicles.

The Missouri statutory provisions in effect at the time involved follow. (Statutory references are to RSMo 1949, Supplement 1957, and V.A.M.S., unless otherwise indicated.)

The term "owner" was defined: " 'Owner,' the term owner shall include any person, firm, corporation or association, who holds the legal title of a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner for the purpose of this law." 16 V.A.M.S.Appendix, section 301.010(19); Laws 1951, p. 697(18). Section 301.010(17) defines "nonresident," about which there is no controversy.

Section 301.270, the Missouri reciprocity statute, provided:

"A nonresident owner, except as otherwise herein provided, owning any motor vehicle which has been duly registered for the current year in the state, country or other place of which the owner is a resident and which at all times when operated in the state has displayed upon it the number plate or plates issued for such vehicle in the place of residence of such owner may operate or permit the operation . of such vehicle within this state without registering such vehicle or paying any fee to this state, provided that the provisions of this section shall be operative as to a vehicle owned by a nonresident of this state only to the extent that under the laws of the state, country or other place of residence of such nonresident owner like exemptions are granted to vehicles registered under the laws of and owned by residents of this state."

■ Under the authorities of states having like statutory provisions, the word "resident" in section 301.270, when applied to a corporate owner of a motor vehicle has reference to its citizenship or domicile in the sovereignty or state under the law of which it has its being, although it engages in business elsewhere. State v. Garford Trucking, Inc., 4 N.J. 346, 72 A.2d 851 [1–8], 16 A.L.R.2d 1407; Western Express Co. v. Wallace, 144 Ohio St. 612, 60 N.E.2d 312, 315; 8 Fletcher, Cyclopedia Corporations, § 4025. See also State ex rel. Northwestern Mut. Fire Ass'n v. Cook, 349 Mo. 225, 160 S.W.2d 687 [2]; Herryford v. Aetna Ins. Co., 42 Mo. 148, 152; Vandevoir v. Southeastern Greyhound Lines, 7 Cir., 152 F.2d 150 [2]. Plaintiffs direct our attention to an opinion of the Attorney General of the State of Missouri, dated October 4, 1954, in accord with the above holding, as was the brief of the Attorney General in State v. Lauridsen, Mo., 312 S.W.2d 140. State v. Brunow, Mo.App., 320 S.W.2d 80, was ruled on the facts there stipulated.

Defendants concede that if Transport had been operating the motor vehicles involved within the State of Missouri, through its employees, to and from the State of New Jersey, if such vehicles were properly registered in New Jersey, Transport would be under the reciprocity provisions of section 301.270, supra, so long as New Jersey grants reciprocity to operators from Missouri on vehicles properly registered in Missouri. No contention is made that Missouri owners of registered motor vehicles are not entitled to reciprocity under the New Jersey law. In view of defendants' concession it is unnecessary to set forth the New Jersey statutes, which are much like our sections 301.010(19) and 301.270, quoted supra. See N.J.S.A. (1940) § 39:-1–1 (defining "owner"), and § 39:3–15 (the reciprocity statute).

Defendants' position is "that the operator of any motor vehicle coming into the State must be the person or corporation seeking reciprocity," and that since Transport was not operating the motor vehicles involved, it cannot be considered for the purpose of applying the reciprocity statutes. Defendants here cite Green v. Pederson, Fla., 99 So.2d 292 [5–8], and Harper v. England, 124 Fla. 296, 168 So. 403 [4, 5]. The Green case involved a use tax on a trackless motor vehicle, resembling a miniature train, used in the business of its

owner. No reciprocity statute was in-- volved. The Harper case held a nonresident truck owner conducting a business in the State of Florida came within an exception to the statute granting reciprocity. Our attention is not directed to a like exception to the provisions of section 301.270.

██ Defendants would have greater standing under the former definition of "owner"; i. e., " 'Owner,' the term owner shall include any person, firm, corporation or association, owning or renting a motor vehicle, or having the exclusive use thereof under lease, or otherwise, for a period greater than ten days successively." Section 301.010(16). Plaintiffs direct our attention to an opinion of the Attorney General of the State of Missouri, dated June 21, 1950, holding that a lessee of a motor vehicle for a greater period than ten days was the owner of the vehicle within the meaning of then section 301.010(16), and the registration of such vehicle in the state of the lessee's residence, although not registered in the state of the residence of the lessor, constituted the registration of the vehicle "in the place of residence of such owner" under section 301.270. However, the definition of the word "owner" was changed by Laws 1951, p. 697 (section 301.010(19)) to read as quoted supra, evidencing a legislative intent that the term "owner" be limited to the holder of the legal title of the motor vehicle or, so far as involved in the instant case, a lessee under a lease "with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the * * * lessee."

The parties stipulated that: "Other than the lease between Neptune and Transport, there are no agreements, oral or written, between these companies, and said lease embodies all the agreements between Transport and Neptune. Said lease does not grant to Neptune any right to purchase the vehicles leased thereunder." Under now section 301.010(19), supra, Neptune was not the owner of the motor vehicles involved at the time in question as said vehicles were not the subject of a lease with any right of purchase in Neptune.

██ Defendants also contend that Neptune is the nonresident owner of the motor vehicles involved, and since all parties conceded that said vehicles are not registered in the State of New York, the state of Neptune's citizenship or domicile, Neptune, with respect to said vehicles, is not "a nonresdent owner" of motor vehicles duly registered in the state of which the owner is a resident, as required by section 301.270. Defendants rely on 1 N.Y.Laws 1929, p. 52, Ch. 54, § 2(18), reading: " 'Owner' shall also include any lessee or bailee of a motor vehicle, or motor cycle having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days." 62-A McK. Statutes (N.Y.) (1952), p. 2, § 2(18). The registration fee is a tax upon the privilege of operating motor vehicles on the highways of this state (State ex rel. McClung v. Becker, 288 Mo. 607, 233 S.W. 54 [2]), and exemptions from licenses are subject to strict construction (City of Trenton v. Humel, 134 Mo.App. 595, 601, 114 S.W. 1131 [3]). However, the lease between Neptune and Transport is to be read as a whole; and, among other things, it provides that the lessor shall furnish garage storage space for said lease vehicles, and that each vehicle "in any event * * * shall be returned to the place of storage for a minimum period of two days in every 30 day period." Perhaps the quoted clause of the lease accounts for the nonregistration of said motor vehicles in the State of New York.

Of defendants' additional citations. In State v. Sorenson, 76 S.D. 614, 83 N.W.2d 912, 914, the truck involved was engaged in transporting products from South Dakota to Oregon, and did not come within the reciprocity compact covering vehicles "engaged in interstate commerce between South Dakota and Minnesota." In State v. Petroleum Transport, Inc., 260 Wis. 310,

50 N.W.2d 465, the defendant, a Wisconsin corporation, was charged with violating Wisconsin statutes relating to the registration of a truck leased from an Illinois resident and operated between Illinois and Wisconsin, and the weight tax on motor vehicles. The trial court dismissed both charges, and the appellate court reversed and remanded only in so far as the judgment related to the violation of the weight tax statute. The issues ruled in these cases are not controlling here.

 Transport, the New Jersey corporation, holds the legal title to the motor vehicles involved, is the owner thereof under the Missouri law (section 301.010(19)), and under the stipulated facts has complied with the provisions of section 301.270 with respect to the registration of said vehicles in the state of its citizenship. The defendants, throughout their presentation, make no reference to the provisions of section 301.270 that a nonresident owner of a motor vehicle complying with said section *"may* operate or *permit the operation of such vehicle within this state."* (Emphasis ours.) Thus, the General Assembly of Missouri, acting within its constitutional authority, has declared it is the public policy of this State to authorize owners of motor vehicles residing in a sister state granting reciprocity to Missouri owners of motor vehicles to operate or permit the operation of their motor vehicles within this State. This declared public policy "is sacred ground which we may not invade." State ex rel. Barrett v. Boeckeler Lumber Co., 301 Mo. 445, 544, 256 S.W. 175, 204 [6]; State on inf. of Dalton v. Miles Laboratories, Inc., 365 Mo. 350, 282 S.W.2d 564, 574 [15].

It follows that Transport has a legally protectible interest at stake in this controversy and that a justiciable controversy exists with respect to that interest. Transport was a proper party to this litigation.

We have considered all "points" made in defendants' brief and perceive of no issue under the instant record that might change the result.

The judgment is reversed and the cause remanded with directions to enter a judgment declaring that on the record made the motor vehicles involved, owned by Transport and leased to Neptune, are within the reciprocity provisions of the Missouri law, and may operate on the highways of the State of Missouri without being registered under the law of Missouri so long as the State of New Jersey grants like exemptions to motor vehicles registered under the laws of and owned by residents of Missouri.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.