**STATE of Missouri, Respondent,**

v.

**Teddy Ray SIMS, Appellant.**

No. 51146.

Supreme Court of Missouri,

Division No. 1.

June 14, 1965.

Motion for Rehearing or for Transfer to Court En Banc Denied July 12, 1965.

Norman H. Anderson, Atty. Gen., James J. Murphy, Asst. Atty. Gen., Jefferson City, for respondent.

No appearance for appellant.

HYDE, Presiding Judge.

Appeal from order overruling motion under Rule 27.26, V.A.M.R., to vacate judgment and sentence of ten years for second degree burglary and five years for stealing. Secs. 560.070, 560.095, 560.110, 560.156, 560.161. (Statutory references are to RSMo and V.A.M.S.) The court found "that it is not necessary for defendant to be present, as all issues submitted for disposition on motion are refuted by the records of this court;" and that is our view of this record.

The motion alleged that the circuit court did not have jurisdiction for the following reasons: (1) "that at the time of his arrest there were no warrants for either his arrest or for the search of his home"; (2) that the officers "did search and seize property belonging to one of the petitioner's guests at his home"; (3) that perjury charges were filed against this guest, who testified all of the property taken by the officers was his, the charge being dismissed 16 months later; (4) "that two of the State witnesses did perjure themselves on the stand by saying they both had taken the same evidence from petitioner's home on two different days"; and (5) that after petitioner was sentenced, a motion for new trial was given to the sheriff to be given the circuit clerk to be filed but was not filed.

■ Defendant's theory "that the State lost jurisdiction of said case when my home was illegally entered and property taken from one of petitioner's guests without a search warrant" is unsound. While this might make any seized property inadmissible in evidence, it had nothing to do with the court's jurisdiction. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, cited by defendant, did not hold there was a loss of jurisdiction because of admission of evidence obtained by an unreasonable search and seizure but instead there was a reversal and remand for further proceedings. Furthermore, the record herein shows that, after the filing of a complaint by the prosecuting attorney, a warrant was issued for defendant's arrest, several weeks after the date of burglary charged, and this gave the court jurisdiction to proceed. The contention that illegally seized evidence was received in evidence is not one that will support a collateral attack. State v. Worley, Mo.Sup., 383 S.W.2d 529, 533; State v. Howe, Mo.Sup., 364 S.W.2d 546, 547. Likewise, the claim concerning property belonging to defendant's guest and the perjury charges against him could afford no basis for anything more than a claim of trial errors required to be raised on appeal. We note that defendant's motion does allege: "Motion to suppress the evidence that had been taken from petitioner's home illegally was filed" and "was denied * * * on grounds that the evidence was taken legally." Defendant's motion stated no facts to show otherwise but only his conclusions. However, the court files and records showed no such motion.

■ The allegation concerning perjury by two state's witnesses only seems to indicate a difference in recolllection of a date and in any event it is not alleged that the prosecuting attorney knowingly used perjured testimony. See State v. Eaton, Mo.Sup., 280 S.W.2d 63; State v. Statler, Mo.Sup., 383 S.W.2d 534, 537, and cases cited. Defendant's claim concerning an attempt to file a motion for new trial after he was sentenced is without merit. The minutes of the court show the following proceedings after the verdict was returned in which the jury was unable to agree on punishment: "Verdict of the jury accepted by the Court. Defendant's Attorney informs the Court that no motion for a new trial will be filed and requests sentencing at this time. Allocution granted. It is hereby ordered that the defendant be confined under the supervision of the Department of Correction of the State of Missouri for a period of 10 years on the charge of 2nd degree burglary, and a term of 5 years on the crime of stealing. Said sentences to run concurrently." Rule

27.20, as did Sec. 547.030, requires a motion for new trial to be filed before judgment. See also State v. Lauridsen, Mo. App., 318 S.W.2d 511, 512, and cases cited 513. Any such motion filed at the time defendant alleges he attempted to do would have been a nullity. Defendant's motion makes no claim that these court minutes are incorrect.

The order of the court is affirmed.

All concur.